COMPAÑÍA INDUSTRIAL DE SANTURCE, PEDRO BOLÍVAR, S. EN C., DEMANDANTE Y APELANTE, v. SÁNCHEZ, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso sobre cobro de una cantidad de dinero.

No. 1132.—Resuelto en julio 20, 1914.

FIANZAS—INTERPRETACIÓN DE CONTRATOS.—El demandado en este caso escribió a la demandante una carta en la cual le dice: ''Tengo el gusto de recomendarles a mi amigo Don Marcelino Barreto que les tomará alguna madera para edificar una casa en Santurce y pareciéndome que ahí podrán Vds. atenderlo con los precios más bajos por tener él personalmente toda garantía y, además, al recomendarlo a Vds. es que en todo y cuanto les tome puedo serles responsable.'' *Se resolvió,* que dicha carta, por sí sola, no constituía un contrato de fianza y que el demandado no era responsable del valor de las maderas que tomara el citado Barreto, sobre todo teniendo en cuenta que la carta sólo se refería a una casa y, según la prueba, con las maderas que adquirió Barreto construyó no una sino varias casas, y además, que Barreto hizo diferentes abonos a cuenta de las maderas compradas, pudiendo ser que el importe de las que sirvieron para construir la primera casa, hubiera sido totalmente satisfecho.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Damián Monserrat, Jr.*

Abogado del apelado: *Sr. Engenio Benítez Castaño.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia de la Corte de Distrito de San Juan, Sección 1ª., por la que se declaró sin lugar cierta demanda en cobro de pesos.

Las alegaciones de la demanda, en resumen, son así: 1. Que la demandante es una sociedad mercantil, establecida en San Juan, y el demandado un comerciante vecino de la Carolina; 2. Que el 5 de septiembre de 1910, el demandado suscribió y dirigió a la demandante, la siguiente carta:

"Carolina, P. R., 5 de septiembre de 1910.　Sres. Compañía Industrial de Santurce.　San Juan, P. R.

"Muy señores y amigos míos: Tengo este gusto recomendándoles a mi amigo Don Marcelino Barreto que les tomará alguna madera para edificar una casa en Santurce y pareciéndome que ahí podrán Vds. atenderlo con los precios más bajos por tener él·personalmente toda garantía y, además, yo al recomendarlo a Vds. es que en todo y cuanto les tome puedo serles responsable.　Siempre a sus o/ su affmo. y S. S., F. Sánchez Osorio."

3. Que la demandante aceptó la garantía y despachó a Marcelino Barreto varias partidas de madera por valor de $2,942.40; 4. Que en junio de 1911 se dió a conocer al demandado el importe de la expresada cuenta, contestando el demandado que en lo sucesivo no se le vendiera más a Barreto bajo su garantía; 5. Que la demandante entabló demanda contra Barreto en cobro de los $2,942.40 debidos y obtuvo sentencia a su favor que no puede hacer efectiva por carecer Barreto de bienes.　Y que requerido el demandado, tampoco la ha satisfecho, y 6. Que el demandado ha dejado de cumplir la obligación que contrajo en su carta de 5 de septiembre de 1910.

La demanda termina suplicando que se dicte sentencia en contra del demandado condenándolo al pago de $2,942.40, intereses legales y costas, gastos y honorarios de abogado.

El demandado contestó la demanda negando el primer hecho; aceptando la autenticidad del documento transcrito

en el segundo; admitiendo que la demandante despachó maderas a Barreto, pero no por valor de $2,942.40 sino por la suma de $4,792.47, en numerosas partidas, habiendo hecho Barreto varios abonos uno de $1,000 en diciembre 13, 1910, otro de $500 en enero 5, 1911, y otro de $350 en abril 17, 1911; negando que la demandante aceptara la garantía del demandado y afirmando que jamás ofreció expresamente ni intentó ofrecer tal garantía; negando los hechos cuarto, quinto y sexto de la demanda, y alegando como materia nueva: (*a*) que al escribir la carta inserta en el hecho segundo de la demanda, sólo intentó recomendar a una persona a quien suponía con bastante crédito, sin que la demandante nunca preguntase al demandado si se constituía o no en fiador de M. Barreto; (*b*) que tan pronto como la demandante escribió al demandado considerándolo como fiador, el demandado protestó de ello; y (*c*) que la carta de 5 de septiembre de 1910 se refería a la necesidad en que estaba Barreto de fabricar una casa, y la demandante no sólo le facilitó las maderas para fabricar una casa, sino para edificar más de seis.

La contestación termina suplicando que se absuelva de la demanda al demandado, con imposición de las costas y honorarios de abogado a la parte demandante.

En el acto de la vista se practicó la prueba ofrecida por ambas partes y, el 10 de febrero de 1914, la corte de distrito dictó la sentencia a que nos hemos referido.

La prueba de la demandante consistió en la carta transcrita en la demanda, en varias otras cartas dirigidas por la demandante al demandado, en las declaraciones de Pedro Bolívar, socio gestor de la demandante; Rodrigo Rolán, apoderado general de la misma; Romualdo Tolmo, empleado de la demandante; Marcelino Barreto; Celestino Marrero, secretario de la corte sentenciadora, y Damián Monserrat, Jr., abogado de la demandante, y en los autos seguidos por la demandante contra Barreto en cobro de la misma suma reclamada en este pleito. Y la prueba de la parte demandada consistió

en la declaración del propio demandado y en varias cartas escritas por él a la demandante.

Estamos de acuerdo con el juez sentenciador en que la principal cuestión envuelta en este caso, en la de la significación legal de lá carta dirigida por el demandado a la demandante que se transcribe en la demanda. Y también lo estamos con las siguientes consideraciones del dicho juez sentenciador y con la cita que. hace del comentarista Manresa. El Juez Córdova Dávila se expresa como sigue:

"A nuestro juicio, la carta anteriormente copiada no basta para construir una obligación de fianza, ni puede interpretarse como tal. Desde el punto de vista gramatical, la frase anteriormente copiada, no puede tener el alcance de obligar en concepto de fiador o garantizador al demandado Sánchez Osorio. La palabra *puedo* es potestativa; indica la potestad o la facultad de hacer alguna cosa, no la necesidad ni el deber de ejecutar. No expresa obligación de ninguna índole; no implica, ni categórica ni indirectamente, el sometimiento de una voluntad a un determinado deber.

"Desde el punto de vista jurídico, no es posible llegar a la conclusión de que la carta anteriormente copiada constituya un contrato de fianza. Es sabido que el consentimiento, requisito esencial de todo convenio, puede manifestarse de dos modos: expresa o tácitamente. Esta es la regla general en la dilatada y vastísima materia de la contratación; pero precisamente por su índole especial y onerosa, el contrato de fianza es una excepción a la regla general. En él no vale el consentimiento tácito y sí sólo el consentimiento expreso, explícito, indubitable y categórico. No es un consentimiento que se preste a presunciones, o que puede inferirse por deducciones más o menos razonables. Debe estar formulado de una manera clara y positiva, de un modo expreso y terminante, conforme a los preceptos del artículo 1728 de nuestro Código Civil. Según este artículo la fianza no se presume; debe ser expresa y no puede extenderse a más de lo contenido en ella. Veamos lo que dice el ilustre comentarista Sr. Manresa interpretando el artículo 1827 del Código Civil Español equivalente al 1728 del Código Civil Revisado:

"'En efecto; aunque la fianza es una obligación accesoria de la principal, no por eso deja de ser una obligación especial, distinta de la del deudor, que presupone y requiere, por lo tanto, en quien la contrae, la intención de quedar obligado a cumplir en defecto del fiado

lo que éste estaba en el deber de hacer; y hasta tal punto es indispensable dicho requisito, que faltando la voluntad del fiador falta el consentimiento, que es lo único que puede dar vida al vínculo jurídico propio de la fianza.

"'Por eso en todos los códigos se declara como en el nuestro, que la fianza no se presume o que debe ser expresa, o ambas cosas a la vez, según se expresa en el artículo que comentamos. Pero ¿qué es lo que el legislador ha querido disponer con esta declaración? ¿Cuál es el sentido en que debe ser entendida? He aquí la cuestión más importante.de las que sugiere la inteligencia de dicho artículo.

"'El consentimiento o la voluntad de obligarse, es siempre requisito necesario para dar vida a toda obligación contractual; pero según los principios generales que hemos examinado ya al estudiar la materia de las obligaciones derivadas de la voluntad, y especialmente la teoría del consentimiento como requisito esencial de los contratos, dicha voluntad puede manifestarse expresamente por medio de palabras que directa y claramente la demuestren, o de una manera implícita por actos que revelen la intención de quedar obligado.

"'Y en vista de esta duplicidad de medios de expresión, que desde luego aparece opuesta a los términos del precepto de este artículo surge la duda de si el legislador se ha separado en este punto de los principios generales indicados, exigiendo una forma especial para la determinación o expresión de la voluntad de obligarse.

"'A nuestro juicio, la duda hay que resolverla en sentido afirmativo, pues lo que la ley ha querido disponer es que la fianza debe ser constituída expresamente, constando de una manera directa e .indudable la intención y la voluntad de obligarse, y excluyendo, por lo tanto, la forma tácita de su expresión. Por eso no se limita a decir que la fianza no se presume, sino que además añade que *debe ser expresa.*

"'Los motivos de esa especial disposición se derivan, como hemos dicho antes, de la naturaleza propia de la fianza. Es en ésta una carga por su naturaleza, gratuita, aunque no sea esencial dicha gratuidad, según tenemos ya demostrado, y que de ordinario se contrae sin remuneración o recompensa y sin ninguna otra obligación correlativa en favor del fiador, encontrándose en muchos casos éste en la dura necesidad de pagar deudas ajenas sin utilidad alguna para él y sin recurso eficaz contra el deudor insolvente. Exponiendo Laurent lo peligrosa.que es la fianza, cita el conocido proverbio que dice: "quien afianza paga," y abundando el legislador en estas ideas ha querido, para dar efectos a la fianza, no sólo'que exista la seguridad de que el fiador haya tenido verdadera intención de' obligarse, sino además

que resulte cierto que, al hacerlo, procedió con conocimiento de lo que hacía, para evitar así que aquel que por un sentimiento irreflexivo de afecto o de piedad esté dispuesto a prestar la fianza, no se deje llevar fácilmente de ese primer impulso generoso, sino que al obligarse, lo haga de una manera seria y concienzuda, dando lugar a pensar sobre ello para que la expresión de su voluntad sea garantía suficiente de su deliberada intención de obligarse a cumplir por el principal deudor, en su caso, la obligación asegurada con la fianza.' 12 Manresa. Código Civil Español, 226.' ''

La carta en cuestión está escrita en términos tales que parecen pedir una aclaración que concrete y fije la responsabilidad del que la suscribe, y no solo no consta que la aclaración se pidiera, sino que ni siquiera aparece que se acusara recibo de la carta al demandado. Además, aun en el caso de que se resolviera que la carta podía interpretarse como una verdadera fianza, siempre habría que llegar a la conclusión de que la demanda fué debidamente declarada sin lugar, atendido el resultado de las pruebas.

En la carta sólo se habla de una casa y las pruebas demuestran que Barreto tomó maderas a la demandante para fabricar varias durante un período de tiempo bastante largo y con conocimiento de la demandante. La cuenta corriente de Barreto con la demandante asciende a $4,692.47 y los abonos hechos por Barreto a $1,850, pudiendo esto tal vez demostrar, como sostiene el juez sentenciador, que el importe de las maderas vendidas para la casa primeramente fabricada, que fué sin duda a la que quiso referirse el demandado, ha sido ya satisfecho. Y es bien sabido que, según prescribe la ley,—artículo 1728 del Código Civil Revisado,—la fianza no puede extenderse más allá de lo en ella misma contenido.

Por virtud de todo lo expuesto, debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.