SUCESORES DE GAMARRA, S. EN C., demandante y apelada, *v.* MANUEL NAVARRO, demandado y apelante.

No. 4976.—*Sometido:* Febrero 4, 1930. *Resuelto:* Marzo 27, 1930.

*Antonio L. López,* abogado del apelante; *Pedro G. Quiñones,* abo-gado de la apelada.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

De las alegaciones en este caso, aparece que Manuel Navarro, suscribió y entregó a la demandante un documento cuyo contexto es:

"San Lorenzo, Pto. Rico.—Muy Sres. míos: Por la presente ga-rantizo, haciéndome fiador y principal pagador de la deuda, la suma de quinientos dollars ($500) que el Sr. Pedro Hernández tome o haya tomado en mercaderías en su establecimiento.

"Al buen cumplimiento de esta promesa, afecto voluntariamente todas mis pertenencias actuales y las que en el futuro pudiera ad-quirir. Sin otro particular, quedo, Atto. amigo SS. SS. (fdo) Ma-nuel Navarro. Garantizador."

De la certeza de este documento, su suscripción y entrega, no hay duda alguna, ya que las partes en el pleito convienen en esos extremos.

La parte demandante alegó que según balance de 29 de

diciembre de 1925 Pedro Hernández está adeudándole $1,311.51, de los que el demandado se había constituído en principal pagador hasta la suma de $500, y que de ella no le ha pagado el todo, ni parte alguna. La demandada contestó alegando que desde 20 de julio de 1925, en que se constituyó la fianza, hasta 29 de diciembre del mismo año Hernández abonó a la demandante un total de mil cincuenta dollars; y quedó extinguida la obligación principal garantizada.

Fué parte de la prueba, y se incluyó en la opinión de la corte, un estado de la cuenta de Pedro Hernández con Sucesores de Gamarra, que empieza con un saldo deudor de 31 de mayo de 1925, por $2,652.31; y del que aparece nuevo cargo en 29 de julio, y diversos abonos en fechas 13 y 30 de junio, 28 de julio, 15 de septiembre, 10 de octubre, 12 de noviembre, y 29 de diciembre, todos de 1925, y todos de $200, menos el de 28 de julio, que fué de $250.

La Corte de Distrito de Humacao, en grado de apelación, dictó sentencia a favor de la demandante, por $500, sin costas. Contra tal sentencia se ha interpuesto la presente apelación, para sostener la cual se señalan dos errores.

El primero se formula de este modo:

"Primero: Estimar que la demanda aduce hechos suficientes determinantes de causa de acción."

Esta alegación aparece en la contestación a la demanda como la segunda defensa.

Al empezar su prueba la parte demandante, ofreció la escritura número 138 de 4 de junio de 1925, ante el notario Don Damián Monserrat y Suro, sobre constitución de sociedad mercantil Sucesores de Gamarra S. en C., inscrita en el registro mercantil. Fué admitida sin oposición. De ella aparece que en otra escritura de 16 de abril de 1921, Primitivo Franco, Narciso García y Gaspar Berga, como gestores, y Francisco Gamarra, como comanditario, constituyeron sociedad mercantil bajo el nombre Sucesores de Gamarra S. en

C., por término de cuatro años, a vencer el 6 de marzo de 1925, y que vencido el término los ·interesados acordaron cerrar las operaciones el 31 de marzo de 1925, declarándose disuelta la misma, y en estado de liquidación; que para continuar los negocios de la social disuelta, y encargarse de su liquidación, desde el 1°. de junio 1925, han constituído la actual sociedad los mismos Franco, Berga y García, y la sucesión de Francisco Gamarra, ésta como comanditaria, y aquéllos como gestores, por· término de cuatro años, y constituyendo el capital, que monta a ochenta mil dollars el efectivo, cuentas y créditos y mercancías que proceden de la mercantil Sucesores de Gamarra, S. en C., que quedó disuelta como antes se dice. Y por una cláusula vigésima se nombra a la actual sociedad liquidadora de la precedente.

Ahora la parte apelante sostiene·que se trata de dos mercantiles distintas, y que la cuenta de Pedro Hernández en 31 de mayo de 1925, con un saldo contra Hernández por $2,652.31, era de la anterior sociedad; que el hacerse la nueva mercantil cargo del activo y pasivo de la anterior fué sólo para los fines de la liquidación, y para sacar del activo el capital de la nueva sociedad; y de aquí, que la nueva sociedad no pudo demandar para cobrar como propio el crédito que era de la antigua.

En cuanto a que existe una nueva sociedad, es un hecho fuera de toda duda. Y lo es que el crédito contra Pedro Hernández fué engendrado en los negocios de la firma Sucesores de Gamarra, S. en C., extinguida legalmente el 6 o el 7 de marzo de 1925. Pero es también una consecuencia de ese asiento y de la existencia de la escritura de 4 de junio de 1925, que los créditos a favor de la anterior social vinieron, con otros bienes, a constituir el capital de la nueva; y el crédito contra Hernández era uno de ellos. No va ese crédito a liquidación alguna en el concepto que por el apelante se indica; es parte del capital social de la demandante, como consecuencia de una trasmisión legal y perfecta; y no hay

parte interesada en el crédito que no sea la propia demandante. El artículo 51 del Código de Enjuiciamiento Civil, que se cita, habla del ejercicio de la acción por la "parte realmente interesada"; y eso es la demandante en este caso.

Es perfectamente claro que no tienen aquí aplicación los casos de *Calenti* v. *Registrador*, 14 D.P.R. 692, y *García Díaz* v *Registrador*, 33 D.P.R. 1040, que resuelven extremos no comprendidos en este litigio. Tampoco puede aplicarse lo que se dijo en el caso *J. Ochoa y Hno.* v. *José González Clemente y Co.*, 29 D.P.R. 1015, porque allí se trataba de una acción de un representado, y en este caso, dados los hechos, de una acción propia de la demandante.

Nuestra decisión en *Hilario Santos, Sucesores, S. en C., en Liquidación,* v. *Quintana Hermanos y Co., y Francisco Colón,* marca decidida y claramente la doctrina legal en casos análogos; y no es la que se invoca por la parte apelante.

■ Hemos querido estudiar este señalamiento, en bien de una clara determinación de derechos. Pero él adolece, como se indica por la apelada, de un grave defecto. Se alega que la demanda no aduce hechos suficientes a determinar una causa de acción. Y se discute este particular a base de la prueba traída al juicio, no de las alegaciones de la demanda; y esto es error fundamental.

No existe el primer error señalado.

■ El segundo señalamiento se formula así:

"Segundo: Estimar no extinguida por el pago la fianza, infringiendo por falta de aplicación la doctrina jurídica del caso *Brunet Sáenz & Cía.* v. *Aponte*, 33 D.P.R. 524."

El apelante acusa de ambigüedad el documento de fianza; y sostiene que el que lo redactó fué el empleado de la demandante Sr. Fernández Avella. Es indudable que el apelante firmó ese documento, y hay que creer que lo hizo de una manera consciente, en el curso natural de sus negocios. Al suscribirlo, lo hizo suyo; y su queja es tardía.

El documento no es, indudablemente, perfecto. Es el

riesgo que se corre al redactarse por profanos en derecho, un escrito cualquiera que requiere conocimiento en esa rama del saber. Pero esto no quiere decir que adolezca de ambigüedad; quizá el mal esté en que se comprende en él demasiado, pero se ve claramente que es lo que se propusieron las partes. En cuanto a la solidaridad en la obligación, el uso del término "haciéndome fiador y principal pagador de la deuda," no deja lugar a duda alguna. Y en ese punto está el alma de esta obligación.

Si la fianza, como se sostiene por el apelante, se refiere tanto a una obligación existente como a una futura, ello no es origen de ambigüedad. Según el artículo 1726 del Código Civil de Puerto Rico se autoriza la fianza por deudas futuras. Casi todas las fianzas tienen como base una obligación ya existente, y una deuda, que como tal *deuda,* puede surgir en el futuro.

El fiador en este caso, quiso fiar a Hernández, en la cantidad limitada de quinientos dollars, por lo que debía, o por lo que pudiera deber después: y así lo expresa en el documento.

¿Es la decisión del caso *Brunet Sáenz y Co.* v. *Aponte* la que rige el caso ante nosotros? Hemos estudiado esta decisión, y la resolución acerca de la reconsideración, de la que el apelante copia algún párrafo. Encontramos:

Primero: Que en caso *Brunet* v. *Aponte* había una fianza limitada en cantidad y en tiempo (33 D.P.R. pág. 536).

Segundo: Que en el precitado caso, y refiriéndose a una sentencia del Tribunal Supremo de España, la de 31 de diciembre de 1886, se dijo:

". . . dicho caso ni remotamente puede tener aplicación al presente, pues se trata en aquél de un contrato de fianza en que los fiadores se constituyen en principales pagadores, perdiendo, por tanto, su carácter de fiadores, convirtiéndose en co-deudores, y bajo este aspecto es que se estimó su responsabilidad ilimitada."

En esa sentencia del Tribunal Supremo de España, se lee lo que sigue:

"Considerando que, dados los términos en que F. Cifuentes y Compañía propusieron a D. Bartolomé Lesaga el suministro de víveres a V. Alea y Compañía, y el contexto de la factura de 17 de mayo de 1882, en que los primeros, manifestando que tenían negocios de tabaco con los últimos, expresaban su deseo de que les tratara lo mejor que pudiera, 'y que de ellos les eran fiadores y principales pagadores,' cuyas palabras no pueden estimarse como limitadas a la factura en que se pusieron o no extensivas en general a todas las negociaciones que se verificaran, la sentencia recurrida no contradice la doctrina legal que se alega en el primer motivo, puesto que ni la fianza excede en este caso de la obligación principal contraída, ni tampoco se hace extensiva a otras ignoradas."

Sentada en Puerto Rico la doctrina contenida en el párrafo que copiamos, casi no debía discutirse más la proposición del apelante. Pero es conveniente añadir algo.

Son de la mayor importancia, para este caso, las declaraciones de ley en el caso *Brunet Sáenz y Co.* v. *Aponte, supra,* que se expresan en estas palabras ". . . un contrato de fianza en que los fiadores se constituyen en principales pagadores, perdiendo, por tanto, su carácter de fiadores, convirtiéndose en co-deudores." Pero estas declaraciones requieren estudio o interpretación cuidadosas.

En una sentencia del Tribunal Supremo de España de 29 de diciembre de 1898, en recurso de casación en pleito entre Doña Concepción y Doña Paulina Costa, de una parte, y Doña Teresa Foch de la otra, se declaró que por consistir la fianza en la obligación de cumplir los compromisos contraídos por un tercero para el caso de no hacerlo éste, cabe que el fiador se obligue solidariamente con el deudor principal, sin perder por ello el contrato su naturaleza propia.

Parece existir cierta contradicción entre la doctrina legal en una y otra sentencia. La contradicción es sólo aparente. Lo que ocurre es que en el contrato en que el fiador es solidario, éste sigue teniendo el carácter de fiador, y el cumplimiento de su obligación depende de que al llegar el momento el fiado no cumpla lo pactado; entonces, la solidaridad creada en el principio, produce sus efectos, y el principal de ellos

es la responsabilidad directa del fiador, y su deber de cumplir el contrato íntegra y totalmente. Por regla general, la fórmula empleada es la de "principal pagador," que por si misma parece indicar el momento en que la solidaridad actúa con eficacia real y tangible.

En este caso la fianza se constituyó con la fórmula de "principal pagador." El fiador es aquí, en el momento en que la obligación ha de cumplirse, un co-deudor, sin beneficio de división de la deuda, hasta $500, ya que se hizo responsable de toda esa cantidad. En el momento en que él suscribe la fianza, su fiado adeuda un saldo, y está en condiciones de tomar más mercaderías; y en la fianza, cubriendo las contingencias del futuro, se dice "tome," y los resultados del pasado, se cubren con las palabras "haya tomado."

La interpretación más favorable al fiador, que cabía en el caso *Brunet Sánchez y Compañía* v. *Aponte, supra,* no cabe en este caso de responsabilidad solidaria, de co-deudor.

Declaramos que no existe el segundo error señalado.

*Debe confirmarse la sentencia apelada.*