WEST INDIA OIL COMPANY, demandante y apelante, *v.* RAFAEL RAMÍREZ HOSTOS, MODESTO RUIDÍAZ y ANTONIO DÍAZ, demandados y apelados.

No. 5544.—*Sometido:* Junio 5, 1931. *Resuelto:* Junio 15, 1932.

*J. Carbia Miranda,* abogado del apelante; *R. Muñoz Ramos,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Los apelados suscribieron el siguiente documento: 

"Por la presente nos constituímos fiadores y principales pagado-

res de Rafael Ramírez Hostos, vecinos de Bayamón, Puerto Rico, y a favor de la West India Oil Company, de San Juan, Puerto Rico, hasta la cantidad de un mil dollars.

"1,000, por mercancías compradas y recibidas o que comprara y recibiera él o sus agentes de la expresada West India Oil Company.

"Se entiende que de no satisfacer el Sr. Rafael Ramírez Hostos las facturas a su vencimiento, nos obligamos a satisfacer inmediatamente el montante que el citado señor adeudase a la referida West India Oil Company, hasta la referida cantidad de 1,000, un mil dollars, así como también una suma adicional de 20 por ciento de esta obligación, para las costas, gastos y honorarios de abogados, en caso de que hubiese necesidad de emplear los servicios de un abogado para el cobro de la cantidad adeudada, y a cuyo efecto hacemos la deuda nuestra solidariamente con renuncia de los beneficios de excusión, orden y división y demás leyes que puedan favorecernos, incluso las de fuero y domicilio, y renunciando asimismo a ser notificados por la West India Oil Company del pago o no pago de las facturas a su vencimiento por nuestro fiado.

"Bayamón, Puerto Rico, a 14 de agosto de 1928.

> (Fdo.) Rafael Ramírez Hostos,
> Principal Pagador.
> (Fdo.) Antonio Díaz,
> Fiador y principal pagador.
> (Fdo.) Modesto Ruidíaz,
> Fiador y principal pagador.
> (Fdo.) Fidel Cotto,
> Testigo.''

La corporación fiada demandó al deudor principal y a los dos fiadores para que le pagasen la cantidad de $744.96 como balance de la cuenta corriente de noviembre de 1928 a abril de 1929, originada por mercancías vendidas y entregadas al deudor principal. Los demandados se opusieron a esa reclamación. De la prueba resultó que la West India Oil Company hizo ventas a Rafael Ramírez Hostos, el deudor principal, en exceso de $1,000 y que éste le había pagado por lo menos esa suma durante la existencia del contrato garantizado con la fianza; y en esto se fundó la corte de distrito para hacer aplicación de los casos de Compañía Industrial de

*Santurce* v. *Sánchez*, 21 D.P.R. 191; de *Sucn. Valdés* v. *Acevedo*, 23 D.P.R. 736; y de *Brunet, Sáenz & Cía.* v. *Aponte*, 33 D.P.R. 524, y declarar sin lugar la demanda en cuanto a los dos fiadores. La demandante apeló esa sentencia.

La corporación apelante no ataca en este recurso la doctrina de los casos citados por la corte inferior pero alega que este caso es distinto de aquéllos por los términos de la fianza y que fué error el no hacer aplicación a él de lo resuelto en el de *Sucrs. de Gamarra, S. en C.,* v. *Navarro,* 40 D.P.R. 745, para condenar a los dos apelados.

En el contrato a que ese caso se refiere el garantizador Manuel Navarro se constituyó en fiador y principal pagador por la suma de $500 que el Sr. Pedro Hernández tomase en mercaderías. El demandante alegó que según balance del 29 de diciembre de 1925, Pedro Hernández estaba adeudándole $1,311.51; el demandado contestó que desde el 20 de julio de 1925 en que se constituyó la fianza hasta el 29 de diciembre del mismo año Hernández abonó a la demandante un total de $1,050 y que así quedó extinguida la obligación. La corte de distrito en grado de apelación condenó a Navarro a pagar $500, sentencia que fué confirmada por este tribunal por el fundamento de que al constituirse el fiador en principal pagador se convirtió en codeudor en el momento en que la obligación hubiera de cumplirse.

Los hechos en el presente caso son iguales a los del de Sucrs. de Gamarra, *supra,* pues en ambos la fianza no tiene tiempo determinado, se fijó una cantidad como límite de responsabilidad, se hicieron pagos por el deudor principal en exceso del límite de la cantidad fijada y en ambos se constituyeron los fiadores en principales pagadores.

Los casos citados por la corte inferior se distinguen del que resolvemos y del de Gamarra en que en aquéllos los garantizadores se constituyeron en simples fiadores y en los otros dos la obligación fué suscrita como fiadores y principales pagadores de su fiado.

Por lo expuesto la corte inferior cometió error al no aplicar a este caso la doctrina del de *Sucrs. de Gamarra* v. *Navarro* mencionado, y por este motivo, que es el único alegado en este recurso, *debe modificarse la sentencia apelada en el sentido de condenar también a Antonio Díaz y a Modesto Ruidíaz a pagar solidariamente a la demandante las cantidades consignadas en la sentencia apelada, sin especial condena de costas.*

El Juez Asociado Señor Córdova Dávila no intervino.

OPINIÓN CONCURRENTE DEL JUEZ ASOCIADO SEÑOR WOLF

Cuando estuvo ante este tribunal el caso de *Sucrs. de Gamarra* v. *Navarro,* 40 D.P.R. 745, el que suscribe se mostró enteramente de acuerdo con la idea fundamental de que un acreedor tenía, hasta la cantidad total limitada por el contrato, derecho a recobrar de una persona que firmó un documento como fiador y principal pagador. Asimismo convino el suscribiente en que una persona que firmaba como pagador principal no podía fundarse en defensa alguna que pudiera pertenecerle con motivo de ser un fiador; pero de momento no recordó la posición asumida por él cuando se falló el caso de Brunet. En el caso de Gamarra la principal cuestión litigiosa fué que los demandados eran responsables hasta la suma de $500. Esencialmente sostengo que lo que se resolvió fué que no importaba que se hubieran entregado al deudor mercaderías valoradas en más de $500, si el balance ascendía a esa cantidad o era menor. En el caso de Brunet este juez disintió. El tribunal resolvió que la obligación de los fiadores quedaba limitada a la cantidad especificada en el contrato y que no podía cobrarse cualquiera mercancía en exceso de esa cantidad aunque el deudor hubiera hecho pagos parciales que reducían el balance a una cantidad menor que la especificada en el contrato. En el caso de autos estamos resolviendo que la West India Oil Company tiene derecho a recobrar hasta la suma de $1,000 no obstante el hecho de que se habían entregado al deudor mercancías en exceso de esa

cantidad.· Mi contención es que el caso de Brunet y el presente son indistinguibles en sus hechos esenciales. Si el contrato dice que el deudor y sus fiadores serán responsables hasta la suma de $1,000, la intención es una cosa. La intención no es diferente cuando una persona firma tanto de fiador como de deudor principal. La limitación es la misma, a mi juicio, en cada caso, y los deudores principales son responsables hasta la cantidad de $1,000. En un caso similar, los fiadores limitarían su responsabilidad hasta la cantidad de $1,000. La intención de las partes en cada caso es, desde mi punto de vista, exactamente la misma. Supongamos que el deudor en este caso en realidad de verdad debía a la acreedora $1,500, ó $500 en exceso de la cantidad limitada por el contrato. Sin embargo, aunque una persona firme como fiador y pagador principal, no puede hacérsele responsable de una cantidad mayor que la especificada en el contrato. Las palabras ''pagador principal'' no la equiparan al verdadero deudor para todos los fines, sino para los fines del contrato solamente.

Cuando la intención es clara, debe sobrepujar la interpretación estricta que haya de dársele a un contrato de fianza.

Por tanto, no sólo concurro con la opinión de la mayoría, sino que tengo ideas más radicales a favor de la parte demandante. Mi idea era y es que el deudor estaba deseoso de obtener un crédito y los fiadores y pagadores principales que firmaron con él tenían motivos para comprender que se dió un crédito hasta la suma especificada.