EL PUEBLO, DEMANDANTE Y APELADO, *v.* GONZALEZ, ACUSADO, Y ARROYO Y VICENTY, FIADORES Y APELANTE EL ULTIMO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en un procedimiento sobre cobro de costas en causa criminal.

No. 687.—Resuelto en junio 10, 1914.

FIANZAS EN CASOS CRIMINALES—ALCANCE DE LA MISMA—LA FIANZA NO SE PRESUME.—De acuerdo con el artículo 1728 del Código Civil la fianza no se presume sino que debe ser expresa y no puede extenderse a más de lo contenido en ella.

ID.—PAGO DE LAS COSTAS—RESPONSABILIDAD DE LOS FIADORES.—El artículo 175 del Código de Enjuiciamiento Criminal aplicable a las fianzas prestadas en casos apelados a la Corte Suprema no impone al fiador la obligación de responder de las costas del juicio.

ID.—RESPONSABILIDAD DE LOS FIADORES—COMPARECENCIA DEL ACUSADO—ALCANCE DE LA FIANZA.—La fianza prestada en este caso contiene la siguiente cláusula: ''Nos comprometemos a entregar al dicho acusado en cumplimiento de dicha sentencia si fuere confirmada o modificada, o en caso de que la sentencia fuere revocada y se ordenare la celebración de un nuevo juicio, a que el referido acusado Jesús González comparecerá ante el tribunal a que la causa haya sido remitida y se someterá a las órdenes e intimaciones de la misma, y si se dejara de cumplir cualquiera de estas condiciones, nos obligamos a satisfacer a El Pueblo de Puerto Rico la suma de cien dollars.'' *Se resolvió* que de acuerdo con los términos de dicha fianza los fiadores sólo se obligaron a responder de la entrega del acusado para cumplir la condena, o de la comparecencia del mismo para la celebración de un nuevo juicio, pero no al pago de las costas del juicio.

INTERPRETACIÓN DE LEYES—MINISTERIO DEL JUEZ—TEXTO DE LA LEY.—De acuerdo con el artículo 26 de la Ley de Evidencia de marzo 9, 1905, en la interpretación de una ley el ministerio del juez es simplemente averiguar y declarar lo que textualmente y en sustancia contiene sin insertar lo que se hubiere omitido, ni omitir lo que se hubiere insertado.

FIANZAS EN CASOS CRIMINALES—CASOS APELADOS A LA CORTE SUPREMA—LEY INAPLICABLE.—El artículo 48 del Código de Enjuiciamiento Criminal, enmendado por la ley de marzo 9, 1908, se refiere a las apelaciones para ante un tribunal de distrito y no es aplicable a las fianzas prestadas en casos apelados a la Corte Suprema de Puerto Rico.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

Abogado de Julio Vicenty: *Sr. Angel A. Vázquez.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En causa criminal contra Jesús González por tener y ofrecer en venta, fraudulenta, voluntaria y maliciosamente, como buena, leche adulterada, de cuya causa conoció originariamente la Corte de Distrito de Mayagüez, dicha corte dictó sentencia en 3 de abril último condenando a Miguel Arroyo y Julio Vicenty a pagar al Pueblo de Puerto Rico la suma de $37.77, montante de las costas causadas en dicho procedimiento, y los condenó además al pago de todas las costas que se causaran para hacer efectiva la anterior suma.

Contra esa sentencia interpuso la representación de Julio Vicenty recurso de apelación para ante esta Corte Suprema, invocando en su apoyo el texto mismo de la fianza y los artículos 375 del Código de Enjuiciamiento Criminal, el 26 de la Ley de Evidencia, y el 1728 del Código Civil.

La fianza, tal como fué aprobada judicialmente, en su parte esencial dice así:

"Habiéndose en el día de hoy doce de mayo de mil novecientos trece, y por la Corte de Distrito del Distrito Judicial de Mayagüez, P. R., dictado sentencia en la causa arriba mencionada por el delito de "Contra la Salud Pública" condenando al dicho acusado Jesús González a la pena de veinte días de cárcel, y habiendo interpuesto apelación para ante el Hon. Tribunal Supremo de Puerto Rico, y señaládosele por la Corte de Distrito de Mayagüez, la suma de cien

dollars como fianza para poder el acusado sustanciar dicha apelación y permanecer en libertad, nosotros Miguel Arroyo y Julio Vicenty por la presente nos obligamos a 'El Pueblo de Puerto Rico' y además nos comprometemos a entregar al dicho acusado en cumplimiento de dicha sentencia si fuere confirmada o modificada, o en caso de que la sentencia fuere revocada y se ordenare la celebración de un nuevo juicio, a que el referido acusado Jesús González comparecerá ante el tribunal a que la causa haya sido remitida y se someterá a las ordenes e intimaciones de la misma, y si se dejare de cumplir cualquiera de estas condiciones, nos obligamos a satisfacer a 'El Pueblo de Puerto Rico,' la suma de cien dollars. Firmado, Miguel Arroyo. Firmado Julio Vicenty.''

Como se vé, los fiadores Arroyo y Vicenty sólo se obligaron a responder de la entrega del acusado para cumplir la condena o de la comparecencia del mismo para la celebración de un nuevo juicio, según fueran los términos en que se decidiera el recurso, pero no a responder de las costas del juicio. Y siendo ello así, la corte inferior al dictar la sentencia recurrida infringió el artículo 1728 del Código Civil preceptivo de que la fianza no se presume sino que debe ser expresa y no puede extenderse a más de lo contenido en ella.

La fianza prestada por Arroyo y Vicenty se ajusta al artículo 375 del Código de Enjuiciamiento Criminal, que en la parte aplicable al caso, dice así:

''Art. 375. Si el delito fuere de los sujetos a fianza, el acusado podrá prestarla antes de la convicción:

\*        \*        \*        \*        \*        \*        \*

''Y después de la convicción y de haber entablado el recurso de apelación:

''1. Si la apelación fuere contra una sentencia en que solamente se le condena al pago de una multa, obligándose por la fianza a pagar dicha multa o la parte de ella que la Corte Suprema ordenare, si se confirma o modifica la sentencia, o se desestima la apelación.

''2. Si se hubiere dictado sentencia condenándole a prisión, comprometiéndose a entregarse en cumplimiento de dicha sentencia, si fuere confirmada o modificada, o en caso de que la sentencia fuere revocada y se ordenare la celebración de nuevo juicio, para obligarse a comparecer ante el tribunal a que la causa haya sido remitida y para someterse a las órdenes e intimaciones de la misma.''

Ese artículo fija la extensión y alcance de la fianza que ha de prestarse cuando se interponga recurso de apelación para ante la Corte Suprema contra sentencia dictada por la corte de distrito, y no impone obligación al fiador de responder de las costas del juicio.

"En la interpretación de un estatuto o documento," dice el artículo 26 de la Ley de Evidencia, "el ministerio del juez es simplemente averiguar y declarar lo que textualmente y en sustancia contiene sin insertar lo que se hubiere omitido ni omitir lo que se hubiere insertado."

Y no es de aplicación al caso el artículo 48 del Código de Enjuiciamiento Criminal, enmendado por ley aprobada en 9 de marzo de 1908, pues aquél se refiere a las apelaciones para un tribunal de distrito en cuyo caso la obligación de fianza debe garantizar también el pago de las costas. *El Pueblo* v. *Luiggi et al.*, 18 D. P. R., 975.

Es de revocarse la sentencia apelada.

*Revocada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la visto de este caso.