Fidel Benero Rivera, demandante y apelado, *v.* Enrique Alvarado, Alejandro Laborde y M. Benítez Rexach, demandados y apelantes.

No. 4548.—*Sometido:* Enero 24, 1929. *Resuelto:* Junio 24, 1929.

*Tous Soto & Quiñones,* abogados del apelante Sr. Rexach; *José E. Díaz,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En el presente caso Fidel Benero demandó a Enrique Alvarado, Alejandro Laborde y Manuel Benítez para que le pagaran mil cuatrocientos dólares por cánones de arrendamiento vencidos y no satisfechos y tres mil dólares más por daños y perjuicios.

La demanda contiene tres causas de acción. Por la primera se alega, en resumen, que el 4 de enero de 1926, el demandado Alvarado arrendó al demandante cierta finca rústica por canon de $150 mensuales; que el arrendatario tomó posesión inmediatamente de la finca y permaneció en ella hasta el 20 de diciembre de 1926 en que fué desahuciado judicialmente por falta de pago; que Alvarado satisfizo las mensualidades de enero y febrero y cien dólares de la correspondiente a marzo, quedando a deber hasta el 20 de diciembre de 1926, o sea $1,400.

En la segunda causa de acción se reproducen los anteriores hechos y se alega textualmente lo que sigue:

"II.—Que los demandados Alejandro Laborde y Manuel Benítez Rexach, el día 4 de enero de 1926, suscribieron y entregaron al demandante Fidel Benero Rivera, como fiadores de E. Alvarado, un documento que copiado literalmente dice: 'San Juan, P. R., enero 4 de 1926.—Sr. don Fidel Benero, Manatí, P. R.—Muy Sr. y amigo n/o: A solicitud de nuestro muy estimado amigo don Enrique Alvarado, nos dirigimos a Ud., para informarle que con muchísimo gusto nos constituimos en fiadores del arrendamiento de una finca que dicho amigo Sr. Alvarado, ha arrendado a usted, por el canon de $150 mensuales.—Sin motivo para más, nos es muy grato suscribirnos a sus órdenes, Attos. amigos y ss.—(Firmados) A. Laborde.—M. Benítez Rexach.—San Juan, Box 905.'

"III.—Que los expresados fiadores Alejandro Laborde y Manuel Benítez Rexach, oportunamente fueron requeridos por el deman-

dante, para que le pagasen los cánones de arrendamiento vencidos y no satisfechos por el señor Enrique Alvarado, su fiado, ascendentes éstos a $1,400, no habiendo dichos fiadores satisfecho dicha suma ni en todo ni en parte a pesar de haberlos requerido para ello.''

Reprodúcense los hechos de la primera también en la tercera causa de acción y luego se alega:

''II.—Que habiendo el demandante arrendado a Enrique Alvarado, con la garantía personal de los demandados, Manuel Benítez Rexach y Alejandro Laborde, la finca rústica reseñada en el hecho segundo de la primera causa de acción, por precio de UN MIL OCHO-CIENTO DÓLARES '*anuales* y término de tres años, a vencer en 15 de enero de 1929, efectuado dicho contrato, el demandante se trasladó a los Estados Unidos de América con el fin de residir en dicho país, haciendo grandes gastos y desembolsos y tuvo que regresar nuevamente a esta isla por no haber el dicho Alvarado ni sus fiadores Benítez Rexach y Laborde, satisfecho los cánones de arrendamiento fijados en el contrato de arrendamiento en la forma pactada por escritura pública otorgada el día 4 de enero de 1926, ante el notario don José E. Díaz, habiendo sido el demandado Alvarado, desahuciado de la dicha finca por falta de pago, habiendo éste dejado dicha finca en completo estado de abandono, en mal estado, sin cercas y las casas en estado de deterioro por falta de conservación.

''III.—Que para poner la finca reseñada en las condiciones en que originalmente el demandante la entregó al demandado Enrique Alvarado, ha tenido que realizar varios gastos y grandes desembolsos habiéndose originado por falta de cumplimiento del dicho contrato, por parte del demandado, daños y perjuicios que estima el demandante en la suma de TRES MIL DÓLARES.''

Se emplazó a los demandados. Benítez no compareció y se anotó su rebeldía. Alvarado y Laborde formularon excepciones que fueron desestimadas. Dejaron entonces de contestar y se anotó su rebeldía.

En tales condiciones fué el pleito a juicio dictándose una sentencia que copiada a la letra, en lo pertinente, dice:

''En 13 de enero de 1928, y en Corte abierta se llamó este caso a juicio oral, por su orden de señalamiento en el Calendario especial de asuntos civiles; habiendo comparecido el demandante por su abogado Licenciado José E. Díaz, quien anunció estar listo para el acto.

Y estando anotada en forma la rebeldía de los demandados, se procedió a celebrarlo.

"En su virtud, el demandante leyó sus alegaciones, introdujo su prueba y sometió el caso sin argumentar.

"Y la Corte, tomando en consideración las alegaciones y pruebas del demandante, y la incomparecencia de los demandados, dictó sentencia declarando con lugar la demanda, y en consecuencia condena consecuentemente a dichos demandados, en la siguiente forma:

"Condena al demandado Enrique Alvarado a pagar, al demandante Fidel Benero Rivera, la suma de Mil cuatrocientos dollars por cánones de arrendamiento devengados y no satisfechos hasta el día 20 de diciembre de 1926;

"Condena a los demandados Alejandro Laborde y Manuel Benítez Rexach, mancomunadamente a pagar al demandante, como fiadores del demandado Enrique Alvarado, en el caso de que éste no lo hiciere, la suma de Mil cuatrocientos dollars, importe de los cánones de arrendamiento devengados y no satisfechos hasta el día 20 de diciembre de 1926;

"Y condena a los demandados Enrique Alvarado, Alejandro Laborde y Manuel Benítez Rexach, a pagar al demandante Fidel Benero Rivera, la suma de TRES MIL DOLLARS ($3,000) como indemnización de daños y perjuicios por incumplimiento del contrato de arrendamiento que ha dado lugar a este pleito; y condena a dichos demandados al pago de las costas, gastos y honorarios de abogado del demandante, con excepción en cuanto a la condena de honorarios de abogado, en lo que se refiere al demandado Manuel Benítez Rexach, por no haber comparecido éste en ninguna forma en el presente pleito."

Apelaron los demandados y el recurso fué desestimado por esta Corte Suprema el 1º de mayo de 1928. Luego, en 8 de junio de 1928, fué reinstalado, pero sólo en cuanto al demandado Benítez.

En la transcripción archivada no se incluyó la prueba que se practicó en la corte de distrito. Habiendo esto en consideración el apelante basa el recurso en el emplazamiento y en los hechos tales como se alegan en la demanda.

Sostiene en primer término que la corte no adquirió jurisdicción sobre él porque no se le emplazó legalmente ya que en la citación no se hizo constar el objeto de la acción y la prevención de que si el citado dejaba de comparecer

"el demandante solicitará de la corte le sea concedida la petición que hubiere hecho en la demanda."

Al emplazar al demandado, el márshal del distrito hizo constar que le entregó copia de la citación y de la demanda. El emplazamiento, en lo pertinente, dice:

"Por la presente se notifica a ustedes que se ha presentado en la oficina del Secretario de la Corte de Distrito de San Juan, del Distrito Judicial de San Juan, P. R., la demanda del actor antes citado, en la cual suplica a la Corte dicte sentencia condenando a los demandados mencionados a pagarle la suma de $1,400 por cánones de arrendamiento de la finca arrendada al demandante y $3,000 por daños y perjuicios por incumplimiento de dicho contrato, con más las costas, gastos y honorarios de abogado con su original en la acción.

"Es abogado del demandante el Lcdo. José E. Díaz, Manatí, P. R.

"Y se notifica a ustedes, que de no comparecer a contestar dicha demanda dentro de los diez días después de notificado si la notificación se hiciere en el distrito, y dentro de los veinte días si se hiciera fuera del distrito, pero en la Isla de Puerto Rico, y dentro de los cuarenta días si se hiciere en otra parte, el demandante podrá obtener una sentencia en su rebeldía condenándoles al pago de la suma de $1,400 por cánones de arrendamiento y $3,000 por daños y perjuicios según se alega en la demanda, con más las costas, gastos y honorarios de abogado."

Basta la simple lectura de la citación para concluir que cumple substancialmente con lo que exige el artículo 89 del Código de Enjuiciamiento Civil y la jurisprudencia interpretativa del mismo.

Dejando a un lado lo que pueda significar la entrega de la copia de la demanda, no puede negarse que en el emplazamiento mismo se expresa "el objeto de la acción en términos generales," a saber: cobro de cánones de arrendamiento y reclamación de cierta suma por daños y perjuicios.

Es cierto que no se emplean las exactas palabras de la ley al hacerse la prevención de que si el demandado no compareciere y contestare "el demandante solicitará de la corte le sea concedida la petición que hubiere hecho en la

demanda,'' pero también lo es que eso se dice y aun más pues se trató de cumplir y se cumplió no sólo con el número 5 del citado artículo 89, sino con el 4 y se especificó la suma del fallo que podría obtenerse en tal caso.

■ Los errores segundo y tercero son los que levantan a nuestro juicio las únicas questiones debatibles.

Alega el apelante que los hechos de la demanda no sostienen la sentencia que contra él se dictara. A nuestro juicio no hay duda alguna de que el fiador, a virtud de dichos hechos, resulta responsable de los cánones que dejó de satisfacer el arrendatario. ¿Lo es también por los daños y perjuicios reclamados?

El artículo 1728 del Código Civil Revisado, dice:

''Artículo 1728. La fianza no se presume: debe ser expresa y no puede extenderse a más de lo contenido en ella.

Si fuere simple o indefinida, comprenderá no sólo la obligación principal, sino todos sus accesorios, inclusos los gastos del juicio, entendiéndose respecto de éstos, que no responderá sino de los que se hayan devengado después que haya sido requerido el fiador para el pago.''

Y comentando Manresa el 1827 del Código Civil Español, igual al 1728 del Revisado, expresa:

''Los motivos de esa especial disposición se derivan, como hemos dicho antes, de la naturaleza propia de la fianza. Es ésta una carga por su naturaleza gratuita, aunque no sea esencial dicha gratuidad, según tenemos ya demostrado, y que de ordinario se contrae sin remuneración o recompensa y sin ninguna otra obligación correlativa en favor del fiador, encontrándose en muchos casos éste en la dura necesidad de pagar deudas ajenas sin utilidad alguna para él y sin recurso eficaz contra el deudor insolvente. Exponiendo Laurent lo peligrosa que es la fianza, cita el conocido proverbio que dice: 'quien afianza paga,' y abundando el legislador en estas ideas ha querido, para dar efectos a la fianza, no sólo que exista la seguridad de que el fiador haya tenido verdadera intención de obligarse, sino además que resulta cierto que, al hacerlo, procedió con conocimiento de lo que hacía, para evitar así que aquel que por un sentimiento irreflexivo de afecto o de piedad esté dispuesto a prestar la fianza, no se deje llevar fácilmente de ese primer impulso gene-

roso, sino que al obligarse, lo haga de una manera seria y concienzuda, dando lugar a pensar sobre ello para que la expresión de su voluntad sea garantía suficiente de su deliberada intención de obligarse a cumplir por el principal deudor, en su caso, la obligación asegurada con la fianza.'' 12 Manresa. Comentarios al Código Civil, 227.

Examinada la fianza tal como consta de la carta suscrita y remitida por los propios fiadores, a la luz del precepto legal citado y del criterio restrictivo expuesto por Manresa, creemos no puede llegarse a otra conclusión que no sea la de que se trata de una fianza ''simple o indefinida'' y por tanto que de acuerdo con los propios términos de la ley responde no sólo de la obligación principal si que también de todos sus accesorios.

Es obligación del arrendatario además de pagar el canon de arrendamiento ''devolver la finca, al concluir el arriendo, tal como la recibió''. Artículo 1464 del Código Civil Revisado.

Siendo ello así, los fiadores son responsables de los daños y perjuicios ocasionados por el arrendatario al arrendador con motivo del mal estado de la finca, según se alega en la demanda.

La obligación de resarcir los perjuicios por virtud del viaje del arrendador al continente, es dudosa. Sin embargo, ninguna influencia podría tener el juicio que formáramos sobre el particular en la sentencia que habremos de dictar. Los daños por uno y otro concepto se reclamaron en junto. Sabemos que se practicó prueba y que esa prueba no se elevó a esta corte. La sentencia no expresa cuáles fueron los daños que la corte consideró probados y a virtud de los cuales concedió indemnización. Bajo esas circunstancias, no estamos en condiciones de intervenir. El apelante no nos ha colocado en situación de revisar su caso, en ese extremo.

*Debe declararse sin lugar el recurso y confirmarse la* sentencia apelada.