PAULINO SOMOHANO, demandante y apelado, *v.* ESTEBAN MATANZO, demandado; y NATIONAL SURETY Co., fiadora y apelante; BANCO INDUSTRIAL DE PUERTO RICO, compareciente apelado.

No. 5125.—*Sometido:* Abril 3, 1930. *Resuelto:* Junio 27, 1930.

*Besosa & Besosa,* abogados de la apelante; *Campos & Romero,* abogados del Banco Industrial apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En este caso se presentó por el Banco Industrial de Puerto Rico una moción sobre cobro de costas. En ella alegó el banco que nombrado Pedro Vieira administrador judicial, inició un pleito de desahucio en contra suya; que se dictó sentencia declarando la demanda sin lugar con imposición de costas al administrador, y que no habiendo el administrador pagado dichas costas, pedía que se hicieran efectivas confis-

cándose la fianza que, con la National Surety Co., había prestado para garantir el fiel cumplimiento de su cargo.

A la moción recayó la siguiente orden:

"Vista la moción que precede y los fundamentos alegados en la misma, y apareciendo de los autos del caso número 9427 de esta Corte, que el administrador judicial Pedro Vieira fué condenado a pagar al Banco Industrial de Puerto Rico la suma de cincuenta dólares por concepto de honorarios devengados con motivo del pleito mencionado; y apareciendo que el Banco Industrial ha requerido mediante los procedimientos de ley a dicho administrador judicial para que le satisfaga la expresada suma de cincuenta dólares a lo que éste se ha negado y se niega; y vista la solicitud que hace el referido Banco para que se confisque la fianza que tiene prestada dicho administrador judicial para responder de las gestiones de su cargo, y que se ordene al fiador el pago de la suma de cincuenta dólares; la Corte ordena que se requiera al fiador National Surety Company para que en el improrrogable plazo de diez días contados desde la fecha en que fuera requerido, pague al Banco Industrial de Puerto Rico la suma de cincuenta dólares, y si así no lo hiciere que compareza ante la corte el día 6 de septiembre 1929, a las 9 A. M. a mostrar causa por qué no se le debe confiscar la fianza hasta dicha suma."

Notificada la fiadora, compareció el día señalado, y expuso:

"*Primero:* Que dicha fianza fué prestada por la National Surety Co. junta con Pedro Vieira como principal, a favor de Esteban Matanzo.

"*Segundo:* Que el Banco Industrial de Puerto Rico no es Esteban Matanzo, y por tanto, dicha fianza no puede responder a dicha cantidad.

" 'La fianza no se presume, debe ser expresa y no puede extenderse a más de lo contenido en ella.' Código Civil, Art. 1728.

"*Tercero:* Que dicha fianza es para responder del desempeño del cargo de Administrador Judicial de Pedro Vieira, y si dicho Sr. Pedro Vieira honradamente desempeña el cargo de Administrador Judicial de la comunidad en el caso No. 9199, referente a la administración de los bienes encomendádosle, entonces dicha fianza será nula y sin efecto, y por tanto, dicha fianza solamente responde a Esteban Matanzo de que el Sr. Pedro Vieira desempeñará honradamente la administración encomendádale.

"*Cuarto:* Que la National Surety Co. prestó dicha fianza de acuerdo con la solicitud presentádale, y la citada fianza fué aprobada por la Hon. Corte."

La corte resolvió la cuestión suscitada, así:

"La Corte, después de considerar los hechos todos en el incidente sobre confiscación de la fianza prestada por la National Surety Co., y estimando que las razones expuestas por la compareciente National Surety Co., no son suficientes para enmendar, anular, o en forma alguna modificar la resolución de esta Corte de fecha 16 de julio de 1929, por la presente declara infundada y sin lugar la oposición que hace la compañía fiadora, y ordena que la misma satisfaga al Banco Industrial de Puerto Rico, la suma de $50 a que se refiere la orden de julio 16, 1929, o de lo contrario, se declarará confiscada dicha fianza de acuerdo con la ley. Notifíquese."

No conforme la fiadora, interpuso el presente recurso de apelación, alegando dos errores, a saber: 1, que no pudo ordenarse la confiscación de la fianza para pagar al Banco Industrial, porque sólo se constituyó a favor de Esteban Matanzo, y, 2, que tampoco pudo ordenarse la confiscación por cuanto la fianza sólo respondía a Esteban Matanzo de las actuaciones del administrador judicial en la administración y no del pago de las costas en un pleito extraño a la administración judicial de los bienes.

La fianza de que se trata, en lo pertinente, dice:

"POR LA PRESENTE FIANZA, nosotros, PEDRO VIEIRA, de San Juan, P. R. como principal, y la NATIONAL SURETY COMPANY, de la ciudad de New York, U. S. A., como fiadores, nos comprometemos y obligamos a favor de ESTEBAN MATANZO, por la violación de los deberes u obligaciones del SR. PEDRO VIEIRA, en el desempeño de su cargo como ADMINISTRADOR JUDICIAL, por la suma de QUINIENTOS UN DOLLARS ($501.00) pagaderos a las partes perjudicadas para cuyo pago nos obligamos separada y juntamente, como también a nuestros herederos y administradores.

"Sellado con nuestros sellos este día 18 de abril de 1929.

"LA CONDICIÓN DE ESTA OBLIGACIÓN es tal, que si el ya dicho SR. PEDRO VIEIRA, honradamente desempeña el cargo de ADMINISTRADOR JUDICIAL de los bienes de la comunidad en el caso arriba indicado y

obedece todos los decretos y las órdenes de dicha Corte de Distrito de San Juan, referente a la administración de los bienes encomendádosle, entonces esta obligación será nula y sin efecto; de lo contrario quedará esta obligación en todo su vigor.''

Como se ve, la fianza aparece prestada ''a favor de Esteban Matanzo,'' pero en la misma se expresa que los quinientos un dólares a que asciende, serán ''pagaderos a las partes perjudicadas''. La primera expresión es favorable a la fiadora, The National Surety Company; la segunda al banco.

El caso es nuevo y los alegatos de las partes no ayudan mucho en verdad a la solución del problema en él envuelto. Revisando nuestra propia jurisprudencia hemos encontrado dos casos, uno al parecer favorable al banco y otro en pro de la fiadora.

Es el primero el de *Del Río* v. *Sucesión Cancel,* 36 D.P.R. 519. En él se decidió que ''el perjudicado por los actos y omisiones de un notario en el cumplimiento de sus deberes como tal tiene acción contra la fianza notarial para resarcirse de los perjuicios sufridos, sin que el que aquélla esté constituída a favor de El Pueblo de Puerto Rico y para pagarle a él sea obstáculo para que la acción pueda dirigirse contra dicha fianza''. La decisión de esta corte se basó en la de la Corte Suprema de los Estados Unidos en el caso de *Howard* v. *United States,* 184 U. S. 687.

Sin embargo si bien pudiera encontrarse alguna semejanza entre un administrador y un notario, la diferencia es patente. El notario es un funcionario público. La fianza se presta para garantir al público en sus relaciones con él y parece lo natural que se constituya a favor de ''El Pueblo,'' que es el legítimo representante del público, y que se permita a cualquier persona que tenga una reclamación contra el notario, que se dirija contra ella porque esa persona es parte del público y de ''El Pueblo''. No es así en el caso de un administrador judicial. Claro es que la administración debe responder de sus actos, pero la administración se establece principalmente para beneficio de determinada persona, en

este caso Matanzo, a cuyo favor se prestó la fianza, y no puede decirse que el banco sea parte de Matanzo, para reclamar contra la fianza.

El otro caso es el de *Martínez* v. *Crosas, Juez de Distrito,* 26 D.P.R. 224. En él decidimos: "El hecho de que el administrador judicial tiene prestada una fianza no sostiene tampoco la tesis del abogado de la demandada, toda vez que del artículo 32 de la Ley de Procedimentos Legales Especiales se desprende que la fianza se presta solamente en beneficio de los herederos y para responderles de los actos de administración, ya que el administrador puede ser relevado de ella por los herederos que sean mayores de edad".

Podrá, pues, reclamar el banco las costas que le fueron concedidas contra el administrador Vieira; quizás contra Matanzo, y éste, a su vez, contra el fiador, pero no nos sentimos autorizados para resolver que cualquier persona independiente, como lo es el Banco Industrial, puede dirigirse contra la fianza, atendidos los términos en que está redactada, lo preceptuado en el artículo 1728 del Código Civil, a saber: "La fianza no se presume, debe ser expresa y no puede extenderse a más de lo contenido en ella," y lo establecido de modo uniforme por la jurisprudencia sobre la interpretación restrictiva del contrato de fianza. Véase el caso de *Brunet, Sáenz & Co.,* v. *Aponte, et al.,* 33 D.P.R. 534.

*Debe revocarse la resolución apelada, dictándose otra declarando sin lugar la moción del Banco Industrial de Puerto Rico.*