PEDRO PRATTS, peticionario, *v.* CORTE DE DISTRITO DE MAYA-CUEZ, HON. R. RAMÍREZ PABÓN, JUEZ, demandada; INOCENCIA MANGUAL BAYRÓN y GERARDO MANGUAL, interventores.

Núm. 1636.—*Sometido:* Abril 22, 1946. *Resuelto:* Mayo 2, 1946.

*Enrique Báez García,* abogado del peticionario; *Gilberto López de Victoria,* abogado del interventor, demandado en el pleito principal; *Ildefonso Freyre,* abogado de la interventora en dicho pleito principal.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El presente es un pleito de desahucio en el que la corte municipal, después de un juicio en los méritos durante el cual sólo el demandante introdujo evidencia, dictó sentencia el 20 de septiembre de 1945 a favor del demandante, por el fundamento de falta de pago de 31 meses del canon mensual a razón de $12, pagaderos el día 28 de cada mes. El demandado radicó escrito de apelación para ante la corte de distrito solicitando en el mismo que la corte municipal le fijara una fianza. La corte municipal le fijó una fianza de $600 que fué prestada por el demandado. El demandado también consignó el canon de $12 mensuales el día 28 de octubre de 1945-y durante los días 28 de cada mes posterior. El 9 de febrero de 1946 el demandante solicitó la desestimación de la apelación por el fundamento de que el demandado había dejado de consignar el canon correspondiente al mes que finalizó el 28 de septiembre de 1945. Expedimos el auto de *certiorari* para revisar la resolución de la corte de distrito declarando sin lugar la moción de desestimación.

El art. 631 del Código de Enjuiciamiento Civil, según quedó enmendado por la Ley núm. 170, Leyes de Puerto Rico, 1942 ((1) pág. 889), dispone que "No se admitirá al demandado el recurso de apelación si no otorga fianza, a satisfacción del tribunal, para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de la apelación; pudiendo el demandado cuando el desahucio se funde en falta de pago de las cantidades convenidas, a su elección, otorgar dicha fianza o consignar en secretaría, el importe del precio de la deuda hasta la fecha de la sentencia." Alega

el demandante que la solicitud del demandado para que se le fijara fianza, la resolución de la corte, y los términos de la fianza, demuestran que tanto el propósito como el efecto de la fianza eran cumplir con los requisitos del art. 631 únicamente: garantizar el canon de arrendamiento hasta la fecha de la sentencia, septiembre 20, 1945.[1]

El demandante entonces se refiere al art. 634 del Código de Enjuiciamiento Civil, según lo enmendó la Ley núm. 170. Dicho artículo prescribe como sigue: "En las apelaciones interpuestas en juicios establecidos por falta del pago del canon estipulado, será deber del demandado consignar en la secretaría del tribunal el importe de todos y cada uno de los arrendamientos que vayan venciendo u otorgar fianza, a satisfacción del tribunal, para responder del importe de todos y cada uno de dichos arrendamientos." Alega el demandante que el demandado dejó de consignar el canon correspondiente al mes que finalizó el 28 de septiembre de 1945, habiendo transcurrido ya ocho días del mismo desde que se dictó sentencia; por tanto no había ni fianza ni consignación para cubrir estos ocho días; y en su consecuencia debe desestimarse la apelación por no haberse cumplido con el art. 634.

Atacando la decisión de la corte de distrito de que la fianza era suficiente a los fines de lo que disponen los dos artículos 631 y 634, el demandante primero sostiene que los artículos 631 y 634 contemplan fianzas separadas: una a radicarse en la corte sentenciadora permitiendo al demandado establecer

---

[1] Indudablemente tiene razón el demandante en su contención en cuanto a la solicitud del demandado y la resolución de la corte. El demandado solicitó de la corte le fijara una fianza "para responder al demandante de los cánones de arrendamiento mencionados en la demanda y por el tiempo que se alega, no fueron pagados de acuerdo con lo que dispone el art. 631 del Código de Enjuiciamiento Civil de Puerto Rico, tal y como fué enmendado por la Ley núm. 170 de 9 de mayo de 1942. . .". Por resolución del 25 de septiembre de 1945, la corte municipal declaró con lugar esta solicitud y fijó una fianza de $600 "que deberá prestar el demandado para responder al demandante de los cánones de arrendamiento alegados como no satisfechos en la demanda y de las costas de la apelación". Pero los términos de la propia fianza, que más adelante se indicarán, exigen consideración adicional.

recurso de apelación y garantizando todos los daños, inclu-
yendo los cánones vencidos. antes de la sentencia; la otra,
una vez que el demandado ha apelado, para ser radicada en
la corte de distrito cubriendo los cánones que venzan después
de la sentencia. Por consiguiente arguye que la fianza ra-
dicada en la corte municipal en este caso cumple solamente lo
prescrito en el art. 631 y no lo prescrito por el art. 634. Sin
embargo, nada encontramos .en los artículos 631 y 634 que
exija el complicado procedimiento de dos fianzas separadas
radicadas en diferentes cortes con una limitada a daños pro-
venientes de la apelación, incluyendo los cánones en descu-
bierto con anterioridad a la sentencia, frente a otra fianza li-
mitada a garantizar los cánones en descubierto con poste-
rioridad a la sentencia. Creemos que estos artículos pueden
razonablemente ser interpretados en el sentido de permitir
una sola fianza en la corte inferior que responda de todos los
elementos de daño, incluyendo los cánones tanto los anterio-
res como los posteriores a la sentencia, hasta que se concluya
definitivamente la apelación.

Por tanto pasamos a la cuestión de la responsabili-
dad de la fianza. Al consignar los cánones desde octubre 28,
1945, hasta la fecha, el demandado cumplió con el art. 634 pre-
firiendo ese método en vez de la fianza. Si bien aparente-
mente sólo fué una inadvertencia. el dejar de hacer tal con-
signación en septiembre 28, 1945, no obstante de ordinario
esto sería fatal a su apelación. Pero si la fianza prestada
por él puede razonablemente interpretarse en el sentido de
que incluye los cánones vencidos entre la fecha de la senten-
cia y la terminación de la apelación, el demandado tendría ra-
zón en su contención al efecto de que cumplió, ora por acci-
dente o intencionalmente, con el art. 634.(²)

La moción del demandado a la corte municipal solicitando
que fijara fianza decía que garantizaría el pago de los cáno-

---

(²)Nada hay en el art. 634 que impida a un demandado consignar alguno
de los cánones vencidos después de sentencia y prestar una fianza para garantizar
otros cánones.

nes mencionados en la demanda, y que dicha fianza se iba a radicar de conformidad con el *art. 631*. La resolución de la corte fué al mismo efecto: fijó una fianza para responder de los cánones alegados en la demanda. Y que esto fué lo que el demandado entendió se evidencia por la consignación de los cánones vencidos después de sentencia, excepto por el canon de septiembre que parece haber sido una inadvertencia. Sin embargo, a pesar de estas consideraciones, la fórmula en análisis final es el lenguaje en que está redactada la propia fianza. Si los fiadores asumieron obligaciones mayores que aquéllas solicitadas por el demandado u ordenadas por la corte o contempladas por el demandado, en ausencia de *estoppel* u otros factores similares, estas obligaciones de ordinario todavía serían medidas por los términos del documento otorgado por los fiadores.

En cuanto a los términos de la fianza, debe notarse primeramente que nada hay en los artículos 631 y 634 o en el art. 1726 del Código Civil(³) que exija que la fianza prescriba explícitamente como elemento de daños los cánones vencidos ya sea antes o después de la sentencia. Una fianza general que responda al demandante de cualesquiera daños resultantes de la apelación sería suficiente. Es decir, si de los términos de la fianza, aun cuando los mismos sean generales, razonablemente se puede colegir que los fiadores garantizaron los cánones después de la sentencia, no puede quejarse el demandante de que el demandado no haya dado cumplimiento al art. 634. Véanse *Benero v. Alvarado et al.*, 39 D.P.R. 778; *E. Solé & Co., S. en C. v. Pedrosa*, 49 D.P.R. 569. *Cf. Brunet, Sáenz & Co., Ltd. v. Aponte et al.*, 33 D.P.R. 524; *Cía. Industrial de Santurce v. Sánchez*, 21 D.P.R. 191.(⁴)

---

(³) Este artículo prescribe que ''La fianza no se presume: debe ser expresa y no puede extenderse a más de lo contenido en ella.

''Si fuere simple o indefinida, comprenderá no sólo la obligación principal, sino todas sus accesorios, incluso los gastos del juicio. . .''.

(⁴) Para casos que interpretan generalmente el art. 1726, véanse *Rieder v. Torruella*, 47 D.P.R. 682; *National City Bank of N. Y. v. Martínez Llonín*, 41 D.P.R. 163; *Somohano v. Matanzo*, 41 D.P.R. 277; *Sucesión de Valdés v. Acevedo*, 23 D.P.R. 736; *Pueblo v. González et al.*, 20 D.P.R. 551.

Refiriéndonos a la fraseología exacta de la fianza, encontramos que disponía el pago al demandante "de los daños y perjuicios que pueda sufrir dicho demandante y por las costas de la apelación(5) y *por cualquier otra cantidad a que tenga derecho por motivo de la apelación,* así como de los cánones reclamados y no pagados alegados en la demanda." (Bastardillas nuestras). Es cierto que la última frase de la fianza, debido a exceso de precaución, específicamente garantiza los cánones antes de sentencia. Pero esto está de más. La parte en bastardillas de la fianza puede interpretarse razonablemente como que es lo suficientemente amplia para cubrir esta partida prescindiendo de dicha frase. De la misma manera, la frase en bastardillas puede interpretarse como que incluye como una de las partidas por ella garantizadas, los cánones vencederos después de sentencia.

Sin embargo el demandante alega que este lenguaje de la fianza no cubre los cánones porque éstos van venciendo en virtud de un contrato y no "por motivo de la apelación". Carece de méritos este argumento. Si no hubiera habido apelación, la finca se le hubiera entregado al demandante y en lo sucesivo no hubieran vencido cánones. El hecho de que deba pagársele cánones al demandante por tanto emana directamente de la apelación.

Los cánones en descubierto cuando se dictó sentencia ascendían aproximadamente a $380. El canon de $12 mensuales que ha estado venciendo desde que se dictó sentencia se ha consignado hasta la fecha, con la excepción de la insignificante suma de $3 ó $4 adeudada por el período entre septiembre 20 y 28. Por tanto la fianza de $600 sería suficiente para cubrir estas dos obligaciones—$380 más $3 ó $4.

Sin embargo, nos sentimos constreñidos a resolver que no se contempló que la fianza se aplicaría y no se aplica a cánones vencidos después de sentencia. Llegamos a esta conclusión únicamente porque uno de los "por cuantos" prelimi-

---

(5) Hasta aquí la fianza sigue sustancialmente el lenguaje del art. 631.

nares a la parte dispositiva de la fianza hace constar claramente que los fiadores contemplaron que la fianza se otorgaba de conformidad con el art. 631.(°) Dicho "por cuanto" restringe el lenguaje general de la fianza, que aparece en bastardillas, que de otro modo pudiera interpretarse como que cubre tales cánones.

Reconocemos que éste es un caso difícil. El demandado y el interventor en el pleito principal, quien reclama el título de la finca urbana en cuestión, están impedidos de proseguir la apelación en los méritos que vigorosamente enfatizan en las alegaciones, debido a una inadvertencia y al haber dejado de garantizar $3 ó $4 de canon con una fianza que, de aplicarse a dicha obligación, ampliamente la cubriría. Y el punto es uno en la línea fronteriza. Sin embargo no podemos, en la faz del lenguaje restrictivo del "por cuanto", ampliar la obligación que los fiadores, que no son partes en este caso, asumieron al otorgar la fianza. No basta decir que bajo los hechos según se han desarrollado, los fiadores, si fueren requeridos para que cumplieran su obligación, probablemente no se opondrían al pago de $3 ó $4 en adición a los cánones de $380 que vencieron antes de la sentencia. Debe recordarse que si el demandado no hubiera consignado el canon mensualmente, el demandante, bajo la teoría del demandado, hubiera podido reclamar de los fiadores el pago de todas dichas sumas. Permitir al demandado y a la corte de distrito que por motivo de los hechos desafortunados de este caso amplíen el ámbito de la responsabilidad de un fiador, perjudicaría considerablemente en esta jurisdicción el estado de la ley relativa al contrato de fianza, especialmente si se tiene en cuenta el art. 1726 del Código Civil.

---

(°)Dicho "por cuanto" lee como sigue: "De acuerdo con el art. 631 del Código de Enjuiciamiento Civil vigente, tal y como fué enmendado por la Ley núm. 170 de 9 de mayo de 1942, el demandado puede prestar fianza para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de la apelación, así como de los cánones reclamados y no pagados alegados en la demanda."

█ Finalmente, el demandado alega que al enmendar el art. 634 por la Ley núm. 170, la Legislatura evidenció su intención de eliminar la falta de consignar los cánones vencidos después de sentencia o de prestar una fianza por los mismos, de los fundamentos para desestimar una apelación.([7]) No estamos de acuerdo. El art. 634 según rige hoy día todavía impone el deber al demandado de consignar los cánones según vayan venciendo o de otorgar fianza para responder de los mismos. Al enmendar el art. 634 la Asamblea Legislativa no se desvió de su principal propósito: proteger al demandante de los daños provenientes de la apelación. Si resolviéramos que la apelación puede proseguirse a pesar de que no se cumpla con el art. 634 según ha sido enmendado, estaríamos quitándole todo el sentido a dicho artículo y destruyendo el propósito legislativo que dió lugar a su promulgación.

*La resolución de la Corte de Distrito denegando la moción de desestimación será anulada y se devolverá el caso con instrucciones de que se desestime la apelación.*

El Juez Presidente Sr. Travieso no intervino.

█

---

([7])Antes de esta enmienda el art. 634 prescribía: ''En las apelaciones interpuestas en juicios establecidos por falta de pago del canon estipulado cualquiera que sea el estado del recurso, el demandante puede solicitar que se sobresea en el mismo, si el demandado no consignase en la Secretaría del Tribunal el importe de todos y cada uno de los arrendamientos que vayan venciendo.'' (Código de Enjuiciamiento Civil, ed. 1933).