## Río *v.* Vázquez.

Apelación procedente de la Corte de Distrito de Aguadilla.

No. 677.—Resuelto en mayo 26, 1911.

Jurisdicción—Cortes de Distrito—Cuantía Litigiosa.—Una corte de distrito tiene jurisdicción para conocer de una acción para dejar sin efecto un embargo, cuando de la afirmación jurada del demandante, no contradicha por el demandado, resulta que los bienes embargados tienen un valor de más de $500.

Id.—Base para Determinar la Jurisdicción del Tribunal—Improcedencia de la Acción Ejercitada.—Si la acción ejercitada es improcedente, no por ello carecerá la corte de jurisdicción para conocer de ella, siempre que la tenga por razón de la materia del juicio y de la persona del demandado.

Prueba Contradictoria—Apreciación del Tribunal Sentenciador—Prejuicio, Pasión o Parcialidad.—Cuando la prueba es contradictoria, la apreciación que de la misma ha hecho el tribunal sentenciador no será revocada, a menos que se demuestre que haya obrado influído por prejuicio, pasión o parcialidad, o con manifiesto y evidente error.

Exposición del Caso—Omisión de Algunos Elementos Probatorios.—Cuando en la exposición del caso o fuera de la misma, e identificados en debida forma no vienen todos los elementos probatorios aportados al juicio y considerados por el tribunal sentenciador, no puede este tribunal ir contra la apreciación de las pruebas hecha por la corte.

CONTRATOS—DOCUMENTOS PÚBLICOS—REQUISITOS ESENCIALES DE UN CONTRATO.—
Cuando en un contrato concurren todos los requisitos esenciales para su validez,
a saber, consentimiento de las partes, objeto cierto del contrato, y causa de la
obligación, no es necesario para su validez que el convenio se hiciera constar
en documento público, pues los contratos son obligatorios cualquiera que sea la
forma en que se hayan celebrado.

EXCEPCIONES PREVIAS—FALTA DE CAUSA DE ACCIÓN ALEGADA POR PRIMERA VEZ
EN APELACIÓN.—De acuerdo con el artículo 109 del Código de Enjuiciamiento
Civil, la excepción previa de falta de causa de acción, es alegable por primera
vez en grado de apelación.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Fernando Vázquez y Francisco Socorro.*

Abogado del apelado: *Sr. Juan B. Soto.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 23 de febrero del año próximo pasado, José León Río produjo demanda ante la Corte de Distrito del Distrito Judicial de Aguadilla, contra Fernando Vázquez, y en ella alega como hechos fundamentales de su acción los siguientes:

1°. Que en diciembre del año 1907 Fernando Vázquez demandó ante la Corte Municipal de San Sebastián a José León Río en cobro de $391.66, y por sentencia de 3 de julio del año siguiente fué condenado Río al pago de la cantidad reclamada, con las costas.

2°. Que por el mes de febrero de 1909 José León Río y Fernándo Vázquez vinieron a un acuerdo, en virtud del cual el primero satisfizo al segundo la expresada suma de $391.66, entregándole en pago cinco cuerdas de terreno radicadas en el barrio de Piedras Blancas del término municipal de San Sebastián, cuya entrega fué hecha a Sebastián Río, autorizado por Vázquez para recibir dicho terreno.

3°. Que en virtud del anterior convenio quedó obligado Vázquez a dar por terminada su acción; y no obstante ello, consiguió sacar a pública subasta un predio de terreno con casa habitación y cabida de 110 cuerdas 60 céntimos de otra, radicado en el barrio de Piedras Blancas del término munici-

pal de San Sebastián, según se describe en la demanda, otra casa y un carro, cuyo proceder dió lugar a que José León Río se avistara con Fernando Vázquez, habiéndole manifestado éste que no le convenían las cinco cuerdas de terreno, que le había entregado, y conformádose Río en que él pagaría la deuda que motivó la entrega del terreno, siempre que le fuera devuelto, bien entendido que no siendo así, la transacción que antes habían celebrado quedaría subsistente, y bajo esas condiciones quedó en suspenso el remate anunciado.

4°. Que el demandante requirió a Sebastián Río para que le devolviera el terreno que con autorización de Vázquez había recibido, y Sebastián Río contestó que no podía devolverlo porque Vázquez se lo había vendido y ya le pertenecía, contestación que el demandante comunicó a Vázquez sin que éste le diera respuesta, por lo que aquél entendió que no habiéndosele devuelto el terreno, el primitivo convenio quedaba subsistente.

5°. Que no obstante la vigencia del primitivo convenio, Vázquez lo quebrantó por segunda vez voluntaria y maliciosamente, obteniendo nuevamente de la Corte Municipal de San Sebastián se sacaran nuevamente a pública subasta los bienes ya expresados, los que tienen un valor mayor de quinientos dollars.

La demanda concluye con la súplica de que se ordene dejar sin efecto el embargo trabado sobre los bienes del demandante, en el procedimiento seguido por el demandado ante la Corte Municipal de San Sebastián, en cobro de la suma de $391.66, disponiendo asimismo que dichos bienes queden libres de toda responsabilidad en cuanto a aquella reclamación, en virtud del pago hecho en la forma expresada, con imposición de las costas al demandado.

El demandado Fernando Vázquez al contestar la demanda, acepta que en juicio celebrado ante la Corte Municipal de San Sebastián fué condenado José León Río a pagarle la suma de $391.66; pero niega haber recibido en pago de esa suma, por medio de Sebastián Río ni de otra persona, las cinco cuerdas

de terreno que se mencionan en la demanda; que sobre esa forma de pago mediara convenio alguno entre demandante y demandado, y que después convinieran ambos en que el demandante pagaría su crédito al demandado siempre que le devolviera el terreno, quedando en caso contrario subsistente el primitivo convenio. Ignora que Sebastián Río fuera requerido para la devolución de terreno alguno, y que se negara a entregarlo diciendo que le pertenecía, y niega que respuesta alguna de Sebastían Río le fuera comunicada. Como materia nueva de oposición alega, que a mediados del año 1909 gestionó la subasta de una finca rústica del demandante para hacer efectiva la sentencia de que se deja hecho mérito, y habiendo ido José León Río a su bufete de abogado, le concedió una prórroga para el pago de la cantidad adeudada y costas hasta el mes de diciembre del año citado; pero como venció la prórroga sin verificar el pago, continuó la ejecución de la sentencia en el Juzgado Municipal de San Sebastián, habiéndose suspendido por virtud de un injunction promovido por José León Río en la Corte de Distrito de Aguadilla.

Después de contestada la demanda opuso el demandado como excepción a la misma, la de que la Corte de Aguadilla no tenía jurisdicción para conocer del caso por razón de la cuantía, todo vez que se trataba del cumplimiento de un contrato en el cual las prestaciones no alcanzaban a la suma de quinientos dollars, y dicha corte, por orden de 19 de mayo de 1910, declaró sin lugar dicha excepción con las costas a la parte demandada.

Celebrado el juicio fué dictada sentencia en 28 de octubre de 1910, la que transcribimos a continuación:

"La corte después de haber oído el escrito de demanda, la contestación del demandado, las pruebas que se practicaron en el acto del juicio, el informe oral del abogado de la parte demandante, y dada la debida consideración a la argumentación escrita presentada por el demandado declara, después de haber considerado todas esas circunstancias: que es un acto completamente probado a entera satisfacción de la corte, que el demandado Fernando Vázquez aceptó y recibió del

deudor José León Río, el demandado en este caso, en pago de un crédito de *trescientos noventa y un dollars sesenta y seis centavos,* un prédio de terreno compuesto de cinco cuerdas radicadas en el barrio de Piedras Blancas en el término municipal de San Sebastián, cuya entrega de terreno fué efectuada por el demandante a Don Sebastián Río, el cual recibió dicho terreno por orden y mandato del demandado Fernando Vázquez, quien se dió por pagado del referido crédito con la entrega de las cinco cuerdas de terreno, de las que tomó posesión por conducto del referido Sebastián Río, el que continúa poseyéndolas en la actualidad. Siendo esto así, es evidente que la ley y los hechos están a favor del demandante José León Río y en contra del demandado Fernando Vázquez. Por tanto se decreta y ordena que éste o sea el demandado deje libre y expedita a la disposición del demandante la siguiente finca rústica que fué objeto de embargo.

"Un predio de terreno alto, vega y sobrevega, a cafe, pasto, y maleza con casa habitación, de madera, cobijada de zinc, radicada en el barrio de Piedras Blancas, término municipal de San Sebastián, teniendo de cabida, ciento diez cuerdas sesenta céntimos de otra cuerda, segregadas de una de café radicadas en los barrios de Piedras Blancas y Cidral con terrenos de vega y sobrevega y casa de vivienda. Dichas 110 cuerdas 60 céntimos colindan por el Norte con terrenos de Don Rodrigo Font y Don Juan González; este, terrenos de la sucesión de Pedro Velázquez y la carretera que conduce a Lares; sud, terrenos de la sucesión Río; y al oeste, el río Culebrinas. Y una casa conocida por Pedro Ramos y un carro.

"Se ordena además dejar sin valor ni efecto legal alguno el embargo de dicha finca hecho por el demandado en la Corte Municipal de San Sebastián para asegurar el cobro del referido crédito de $391.66 que había sido satisfecho; se hace permanente y firme el *injunction* preliminar decretado en este asunto respecto de la misma finca, y el que se incorporará a esta sentencia para que forme parte integrante de la misma caso de ser confirmada la resolución apelada, con imposición de las costas del juicio al demandado."

Contra la sentencia transcrita interpuso Fernando Vázquez recurso de apelación para ante esta Corte Suprema, y alega como fundamentos del recurso los siguientes:

1°. Que la corte cometió error al desestimar en su orden de 19 de mayo de 1910 la excepción de falta de jurisdicción, excepción que era procedente, no sólo por la cuantía del caso, que no llega a quinientos dollars, sino también por que siendo

la Corte Municipal de San Sebastián la que expidió órden de ejecución para hacer efectiva la sentencia dictada en contra de José Leon Río, si éste la hizo efectiva, debió acudir a la misma corte municipal para que declarara estar satisfecha la sentencia y libre el deudor de toda responsabilidad.

2°. Que la corte cometió error al estimar probado que Fernando Vázquez aceptó y recibió de José León Río, en pago del crédito de $391 y centavos, cinco cuerdas de terreno en el barrio de Piedras Blancas del término municipal de San Sebastián, sin aparecer de la evidencia que en el contrato invocado por José León Río concurrieran los requisitos que marca el artículo 1228 del Código Civil, ni que dicho contrato se hiciera mediante documento público, según exige el artículo 1247 de dicho Código, que lo mismo que el anterior ha sido infringido por la Corte de Distrito de Aguadilla al proceder con prejuicio, pasión y abuso de discreción en la apreciación de las pruebas.

En alegato adicional invocó la parte apelante en su defensa la excepción de que los hechos expuestos en la demanda no determinaban una causa de acción, pues no se expresa que el contrato invocado por José León Río, cuya cuantía excede de trescientos dollars, conste por escrito aunque sea privado, según exige el artículo 1247 del Código Civil, ni que Río otorgara a Vázquez la escritura traslativa de la propiedad de dicho terreno, ni si éste pertenecía a Río o a otra persona y tampoco se identifica en la forma correspondiente.

En cuanto al primer fundamento del recurso, entendemos que la corte de Aguadilla tenía jurisdicción para conocer del caso, pues la acción ejercitada se encamina a obtener se deje sin efecto embargo trabado en bienes del demandado, quedando éstos libres de toda responsabilidad en cuanto a la reclamación que motivó el embargo; y tales bienes, según afirma bajo juramento la parte demandante, tienen valor superior al de $500, sin que esa afirmación haya sido contradicha al contestar la demanda, ni impugnada en el juicio mediante

prueba contradictoria, por lo que debe servir de base para resolver la cuestión jurisdiccional propuesta.

La jurisdicción de los jueces municipales según la ley para reorganizar el sistema judicial de Puerto Rico, aprobada en 10 de marzo de 1904, alcanza a todos los asuntos civiles que se promuevan en su distrito hasta la suma de quinientos dollars, intereses inclusive; y como la cuantía del presente asunto, atendidos los términos de la súplica de la demanda, excede de $500, la materia es extraña a la jurisdicción del juez municipal de San Sebastián y propia de la Corte de Distrito de Aguadilla.

Para definir la cuestión jurisdiccional propuesta, debemos tener en cuenta únicamente la acción ejercitada, y prescindir de cualquier otro remedio, que para conseguir los fines perseguidos en la demanda, haya podido utilizar el demandante. Si la acción ejercitada es improcedente, no por ello carecerá la Corte de jurisdicción para conocer de ella, siempre que la tenga por razón de la materia del juicio y de la persona del demandado, como sucede en el presente caso.

Al considerar el segundo motivo del recurso hemos traído a exámen las pruebas practicadas en el juicio, y de ellas resulta que los testigos de la parte actora, a saber: el mismo demandante José León Río, Sebastián Río y Carlos Franco Soto, presentan los hechos sustancialmente en la forma en que se alegan en la demanda, mientras que los testigos del demandado, a saber, Pablo Fancoud, Juan Bautista García y el mismo demandado Fernando Vázquez, contradicen aquellas alegaciones, en cuanto afirman la existencia del convenio en virtud del cual el demandante pagó al demandado su crédito mediante entrega de cinco cuerdas de terreno. Siendo contradictoria la prueba, a la corte inferior tocaba resolver el conflicto, decidiendo a qué testigos debía dar crédito, pues se encontraba en mejores condiciones que esta Corte de apelación para hacerlo; y al resolver el conflicto a favor de la parte demandante, no podemos menos que aceptar su conclusión, por no habérsenos demostrado que haya obrado influída por

prejuicio, pasión o parcialidad o con manifiesto y evidente error.   Hay además la circunstancia de que al declarar el testigo Sebastián Río, expresó haber recibido unas cartas de Fernando Vázquez que fueron presentadas como prueba, y como esas cartas, que la corte inferior tuvo a la vista al apreciar los hechos, no han venido insertas en el escrito de exposición del caso, o fuera del mismo, identificados en forma, nunca podríamos ir contra la apreciación de dicha corte por falta de todos los elementos probatorios que fueron aportados al juicio, y que ella consideró.

Aceptada la apreciación de las pruebas hecha por el tribunal sentenciador, no ha podido ser infringido en la sentencia el artículo 1228 del Código Civil, pues en el convenio sobre forma de pago de la cantidad adeudada por el demandante al demandado, concurrieron todos los requisitos esenciales para su validez, a saber, consentimiento de las partes, objeto cierto del contrato, y causa de la obligación, sin que fuera necesario para la validez que el convenio se hiciera constar en documento público, pues según el artículo 1245, los contratos son obligatorios, cualquiera que sea la forma en que se hayan celebrado, siempre que concurran en ellos las condiciones esenciales para su validez.

La excepción de que los hechos expuestos en la demanda no determinaban una causa  de acción, aunque no fué alegada en la corte inferior, ha podido serlo ante esta Corte Suprema, según el artículo 109 del Código de Enjuiciamiento Civil, y tomando en consideración las alegaciones de la parte demandante, opinamos que muestran verdadera causa de acción, pues si el demandado se obligó a aceptar del demandante cinco cuerdas de terreno en pago de la deuda cuyo cobro gestionaba mediante embargo de otros bienes de la propiedad del demandante, es claro que tal embargo debe dejarse sin efecto, quedando libres de toda responsabilidad los bienes embargados por lo que toca a la deuda ya pagada, según se solicita en la demanda.

Consecuencia de la sentencia pronunciada es la de quedar permanente y firme el *injunction* preliminar decretado res-, pecto de la finca, cuyo embargo se deja sin efecto.

Por las razones expuestas procede la confirmación de la sentencia apelada que dictó la Corte de Distrito de Aguadilla en 28 de octubre del año próximo pasado.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.