OLIVER, RECURRENTE, v. EL REGISTRADOR DE ARECIBO,
RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Arecibo, sobre inscripción de venta de condominios.

No. 237.—Resuelto en julio 8, 1915.

ANOTACIÓN DE EMBARGO — ENAJENACIÓN DE BIENES EMBARGADOS — PREVENCIÓN ESTABLECIDA EN LA LEY PARA ASEGURAR LA EFECTIVIDAD DE LA SENTENCIA—DEBER DEL REGISTRADOR—PRESUNCIÓN.—Cuando de la anotación de embargo tal como consta en el registro no aparece que se hiciera al demandado la prevención que ordena la ley para asegurar la efectividad de sentencias, de 1º. de marzo de 1902, en su sección 9, el registrador no está justificado para presumir que dicha prevención se hizo y por tanto que el dueño de la finca embargada hubiera quedado obligado a no venderla sino en pública subasta.

ID.—VENTA DE LA FINCA EMBARGADA—DERECHOS DEL EMBARGANTE.—De acuerdo con los principios generales que informan el derecho civil e hipotecario vigente, una finca embargada puede venderse en cualquier forma por su dueño, sin perjuicio, desde luego, de los derechos de la persona que tenga anotado a su favor el embargo.

ID.—PROHIBICIÓN DE ENAJENAR—EFECTIVIDAD DE LA SENTENCIA—VENTA DE BIENES EMBARGADOS—SUBASTA PÚBLICA.—La prohibición especial que contiene la sección 9 de la Ley sobre efectividad de sentencias de marzo 1º., 1902, requiere que se haga una notificación especial al dueño de la finca embargada y si dicha notificación no se hace, limitándose el demandante a obtener la anotación del embargo en el registro por creer que con ello garantiza suficientemente su derecho, el dueño de los bienes inmuebles embargados podrá actuar de acuerdo con las leyes generales sobre la materia y por consiguiente vender dichos bienes sin necesidad de verse obligado a recurrir a la subasta pública para ello.

COMPRAVENTA—ANOTACIÓN DE EMBARGO—PROHIBICIÓN DE ENAJENAR—FACULTADES DEL REGISTRADOR—SUBASTA PÚBLICA.—A no ser que del registro conste la prohibición de enajenar a que se refiere la ley sobre efectividad de sentencias, el registrador no está facultado para negarse a inscribir una escritura en la que se consigna con todas las solemnidades que la ley requiere, la compraventa de bienes inmuebles embargados para garantir la efectividad de la sentencia que pueda dictarse en un determinado pleito civil, por el solo fundamento de que dicha compraventa no se verificó en pública subasta.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Félix Santoni.*

El Registrador recurrido Sr. Felipe Cuchí Arnau compareció en nombre propio.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Presentada para su inscripción en el Registro de la Propiedad de Arecibo la escritura No. 16, de venta con pacto de retro de varios condominios sobre cuatro fincas rústicas otorgada por Doña Francisca López y otros a favor de Don Andrés Oliver, el registrador se negó a inscribirla en cuanto a los condominios de una de las fincas, por medio de la siguiente nota, contra la cual se interpuso el presente recurso gubernativo. La nota dice así:

"Inscrito este documento en cuanto a la compraventa de los condominios en las fincas señaladas con las letras A, C y D, allí donde indican las notas puestas al margen de la descripción de las fincas; y denegada la inscripción en cuanto a los condominios en la finca señalada con la letra B, por aparecer embargada por L. Arzuaga y Compañía en juicio seguido ante la Corte Municipal de Manatí contra la Sucésión de Ambrosio Arrigoitía en cobro de dinero; cuyo embargo se llevó a efecto de acuerdo con la ley para asegurar la efectividad de sentencia aprobada por la Asamblea Legislativa de Puerto Rico el 1º. de marzo de 1902, para el caso de venta por el dueño, que dispone se haga ésta en pública subasta con citación del demandante, y siendo tal defecto insubsanable, en cumplimiento de lo prescrito en la ley de 1º. de marzo de 1902 se tomó anotación preventiva que tendrá efecto legal durante ciento veinte días de su fecha, al folio 239 del tomo 77 de Arecibo, finca número 2632, anotación letra C. Arecibo, 21 mayo, 1915. Felipe Cuchí, registrador."

El embargo a que se refiere el registrador, se practicó en el registro de la siguiente manera:

"B. Rústica. Finca descrita en su inscripción primera, igual al documento ahora presentado, en el que se consigna que las doce cuerdas que la forman equivalen a cuatro hectáreas, setenta y una áreas, sesenta y cinco centiáreas. Se halla libre de cargas e inscrito su dominio por la inscripción primera a favor de la Sucesión de Don Ambrosio Arrigoitía, compuesta de su viuda Doña Francisca López y sus hijos legítimos Benito Ambrosio, María Providencia, Gregorio Manuel Alberto, Blanca Rosario, José Ceferino, Catalina y Fran-

cisco José Arrigoitía y López. En juicio seguido ante la Corte Muni-- cipal del Distrito Judicial Municipal de Manatí por L. Arzuaga y Cía. contra la referida Sucesión de Arrigoitía en cobro de dinero se embargó esta finca para asegurar la efectividad de la sentencia, debiendo responder de sesenta y cinco dollars de principal y de veinte y cinco dollars calculados para costas, de cuyo embargo se ordena tomar anotación preventiva. En su virtud queda tomada la anotación preventiva del embargo de esta finca en favor de L. Arzuaga y Cía. Así resulta de un mandamiento expedido por duplicado el 14 de abril corriente por A. Rodríguez Santana, márshal de la referida corte municipal, que ha sido presentado en este registro a las ocho y quince minutos de la mañana del quince de abril corriente, según el asiento número 342 al folio 127 vuelto, tomo 32 del Diario, quedando uno de los ejemplares archivados con el número 24 en el legajo 86 de mandamientos judiciales. Y siendo conforme con el registro y documento a que me refiero, firmo la presente en Arecibo a 19 de abril de 1913. José Marcial López.''

Y la ley sobre efectividad de sentencias a que se refiere el registrador, copiada textualmente, es como sigue:

''Sección 9.—(377)—El embargo y prohibición de enajenar inmuebles se efectuarán anotándolos en el registro de la propiedad y notificándolos al demandado, con la prevención de que no podrá enajenar los bienes embargados sino en pública subasta, con citación del demandante, quedando el precio consignado a disposición del tribunal, ni enajenar en ningún caso los bienes en que haya recaído la prohibición. La enajenación de dichos bienes realizada en contravención a lo dispuesto en este artículo se reputará fraudulenta para todos los efectos civiles y penales, y las personas responsables del fraude serán castigadas además como culpables de desacato (desobediencia).''

La versión inglesa de dicha ley, dice así:

''*Section 9.—(377)—The attachment and order prohibiting the alienation of real property shall be recorded in the registry of property, the court notifying the defendant thereof, and warning him that he cannot alienate the property attached except at public auction and after notice shall have been given to the plaintiff to be present at the sale, the proceeds of such sale to be deposited subject to the order of the court; nor can the defendant alienate, in any case, the property on which a prohibition has been decreed. The aliena-*

*tion of any property in contravention of the provisions of this section, shall be deemed fraudulent for all civil and penal purposes, and the persons guilty of such offence shall also be punished for contempt of court."*

Según hemos podido observar, de la anotación del embargo tal como consta en el registro, no aparece que se hiciera al demandado la prevención que ordena la ley sobre efectividad de sentencias. Siendo esto así ¿estuvo justificado el registrador para presumir que dicha prevención se había hecho y que por tanto el dueño de la finca embargada había quedado obligado a no venderla sino en pública subasta? A nuestro juicio no lo estuvo.

De acuerdo con los principios generales que informan nuestro derecho civil e hipotecario, una finca embargada puede venderse en cualquier forma por su dueño, sin perjuicio, desde luego, de los derechos de la persona que tenga anotado a su favor el embargo. Véase el artículo 71 de la Ley Hipotecaria.

La prohibición especial que contiene la sección 9 de la ley sobre efectividad de sentencias que hemos transcrito, requiere también una notificación especial al dueño de la finca embargada. Si dicha notificación no se hace, limitándose el demandante a obtener la anotación del embargo en el registro, por creer que con ello garantiza suficientemente su derecho, el dueño de los bienes inmuebles embargados podrá actuar de acuerdo con las leyes generales sobre la materia y por consiguiente vender dichos bienes sin necesidad de verse obligado a recurrir a la pública subasta para ello.

A no ser que del registro conste la prohibición de enajenar a que se refiere la repetida sección 9 de la ley sobre efectividad de sentencias, opinamos que el registrador no está facultado para negarse a inscribir una escritura en la que se consigne con todas las solemnidades que la ley requiere, la compraventa de bienes inmuebles embargados para garantir la efectividad de la sentencia que pueda dictarse en un

determinado pleito civil, por el solo fundamento de que la dicha compraventa no se verificó en pública subasta.

Debe declararse con lugar el recurso, revocarse la nota en la parte en que ha sido recurrida y ordenarse la inscripción solicitada.

> *Revocada la nota en la parte recurrida, ordenándose la inscripción solicitada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.