Arthur W. Kuenzli, demandante y apelante, *v.* Joseph Symister, Floirán Angleró y María Rodríguez, demandados y apelado el primero.

No. 5283.—*Sometido:* Noviembre 21, 1930. *Resuelto:* Mayo 11, 1932.

*A. Marín Marién,* abogado del apelante; *Adrián Agosto,* abogado del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

En escritura pública de 5 de octubre de 1927 Floirán Angleró y su esposa confesaron deber a Joseph Symister $336 y para garantía de su pago le hipotecaron un solar con casa radicado en Cataño. No consta en estos autos que esa hipoteca fuera inscrita en el registro de la propiedad. Para cobrar esa deuda demandó Symister a sus deudores en una corte municipal y obtuvo como aseguramiento de la sentencia que se dictase el embargo de dicha finca para responder de la cantidad reclamada, cuyo embargo fué anotado en el

registro de la propiedad, siendo vendida después la finca para ejecutar la sentencia, y adjudicada al ejecutante. Después de anotado el embargo en el registro de la propiedad fué constituída otra hipoteca por los Angleró sobre la misma finca por $500 en octubre de 1928 a favor de Arthur W. Kuenzli. Estando ejecutando Kuenzli su hipoteca presentó demanda en la Corte de Distrito de San Juan contra Symister y los esposos Angleró alegando en su primera causa de acción que el embargo de Symister es nulo por no haber sido notificado a los esposos Angleró y que por eso debe ser cancelado en el registro. En otra causa de acción se alegó que la sentencia dictada a favor de Symister es nula así como la venta y la adjudicación de la finca hecha a su favor.

Resolviendo la corte de distrito el presente pleito de nulidad dictó sentencia declarando con lugar la segunda causa de acción y sin lugar la primera, sin especial condena de costas, y Kuenzli apeló esa sentencia en cuanto a la primera causa de acción.

Dice el apelado Symister en su alegato ante nosotros que carecemos de jurisdicción para resolver la presente apelación porque la corte inferior no la tenía para conocer del pleito de Kuenzli ya que la cuestión en controversia en él es si es nulo o no el embargo de Symister trabado en su pleito reclamando el pago de $336, pleito cuyo conocimiento corresponde por su cuantía a la corte municipal, y que la hipoteca de Kuenzli por $500 no es la que está en discusión y por eso no determina la jurisdicción en este caso.

El apelante no ha tratado esa cuestión de jurisdicción en su alegato escrito ni oral pues no asistió a la vista de esta apelación.

En el pleito de Symister se trataba del cobro de $336 ante una corte municipal pero lo que ahora está en controversia en el que ha promovido Kuenzli es si el embargo anotado en el registro de la propiedad a favor de Symister sobre la finca de los esposos Angleró es nulo o no y por eso es el valor de la cosa y no el de la reclamación que produjo el embargo el

que debe regular la jurisdicción en el pleito presente, según lo hemos declarado en el caso de *Río* v. *Vázquez,* 17 D.P.R. 672, en el que dijimos que una corte de distrito tiene jurisdicción para conocer de una acción para dejar sin efecto un embargo, cuando resulta que los bienes embargados tienen un valor de más de $500. En este caso aparece de los autos que sobre dicha finca se constituyeron dos hipotecas: una por $336 a favor de Symister y otra a favor de Kuenzli para garantizarle el pago de $500, más sus intereses y $75 para costas y honorarios de abogado, lo que demuestra que su valor es superior a $500, por lo que la corte de distrito tuvo jurisdicción para conocer de este pleito y consiguientemente la tenemos nosotros para conocer de la apelación en él interpuesta.

La parte apelante dice en su primer motivo para sostener este recurso que la corte inferior cometió error al declarar sin lugar la primera causa de acción. No expone por qué llega o puede llegarse a esa conclusión, como debió haberlo hecho para que por él pudiera conocerse la naturaleza e importancia del error alegado, pero por su argumentación vemos que se funda únicamente en que el embargo de la finca anotado en el registro de la propiedad no fué notificado a los demandados dueños de ella, como requiere la sección 9 de la ley para asegurar la efectividad de las sentencias.

Si el embargo de bienes inmuebles que se anotó en el registro a favor de Symister ha de ser notificado a los esposos Angleró, dueños de la finca, es cuestión que a ellos interesa y que pueden renunciar porque la falta de esa notificación no constituiría un defecto jurisdiccional sino una mera irregularidad del procedimiento que no puede ser invocada por otras personas. Por este motivo podríamos confirmar la sentencia apelada en cuanto declara sin lugar la primera causa de acción pero no lo haremos porque entendemos que dicha notificación no era necesaria en este caso, como pasamos a demostrar.

La Ley de Enjuiciamiento Civil que en materia de

aseguramiento de sentencias rigió hasta 1902 disponía en su artículo 1409 que si los bienes embargados fuesen inmuebles se limitaría el embargo a librar mandamiento por duplicado al registrador de la propiedad para que extendiese la correspondiente anotación preventiva. La sección 9 de la referida ley de 1902 en que se funda el apelante para sostener que el embargo de la finca anotado en el registro es nulo y debe cancelarse por no haber sido notificado a sus dueños los esposos Angleró dice así:

"El embargo y prohibición de enajenar inmuebles se efectuarán anotándolos en el Registro de la Propiedad y notificándolos al demandado, con la prevención de que no podrá enajenar los bienes embargados sino en pública subasta, con citación del demandante, quedando el precio consignado a disposición del tribunal, ni enajenar en ningún caso los bienes en que haya recaído la prohibición. La enajenación de dichos bienes realizada en contravención a lo dispuesto en este artículo se reputará fraudulenta para todos los efectos civiles y penales, y las personas responsables del fraude serán castigadas además como culpables de desacato (desobediencia)."

En varias decisiones de este Tribunal Supremo se ha hecho referencia a dicha sección en casos en que no estaba planteada la cuestión de la nulidad de un embargo de bienes inmuebles anotado en el registro por falta de notificación al dueño deudor sino otras de distinta naturaleza. Así, en el caso *Oliver* v. *Registrador,* 22 D.P.R. 708, lo único que se resolvió es que una finca embargada sin que conste del registro que ha sido prohibida su enajenación sin pública subasta, cuya prohibición especial requiere una notificación especial al dueño de la finca, puede ser enajenada sin subasta pública. En el de *Rodríguez* v. *Corte de Distrito,* 31 D.P.R. 694, la cuestión a decidir era si cuando se embargan plantaciones puede el márshal nombrar depositario para ellas y se decidió que cuando se trataba de frutos recolectados es procedente el nombramiento de un depositario pero que cuando son frutos pendientes se hace necesario constituir una administración judicial, aunque incidentalmente se dijo que cuando se embargan bienes inmuebles la función del márshal se li-

mita a expedir mandamiento por duplicado al registrador de la propiedad, haciendo la correspondiente notificación al demandado. En el de *Cosme* v. *Santi González,* 37 D.P.R. 763, se trataba de si la corte en una acción personal había adquirido jurisdicción sobre la demandada no residente en esta Isla y se declaró que no la había adquirido porque aunque se había librado por el márshal mandamiento al registrador de la propiedad para que anotase el embargo de una finca de la demandada no constaba que el embargo fué anotado, aunque también incidentalmente, citando la sección 9 antes mencionada, se dijo que no puede entenderse trabado el embargo hasta que quede anotado en el registro y notificado al demandado. En el caso de *Wenonah* v. *Antonsanti,* 40 D.P.R. 263, también se trataba de si la corte había adquirido jurisdicción en acción personal sobre el demandado no residente y se dijo que cuando la citación por edictos del demandado se expidió ya el embargo estaba anotado en el registro, anotación que por sí constituye una notificación a todo el mundo, y que faltaba la notificación directa al demandado que la ley exige, sin decir cómo ha de hacerse, pero que fué hecha por carta a la dirección del demandado.

La ley que contiene la sección 9 a que venimos refiriéndonos dice en su sección segunda que el aseguramiento de sentencia se ajustará a las varias reglas que establece, de las cuales las dos primeras dicen así:

"(*a*) Si la obligación reclamada fuere de dar cosa determinada poseída por el demandado o por un tercero a su nombre, se prohibirá al demandado, o al tercero, en su caso, la enajenación o gravamen de la cosa reclamada, hasta la resolución del pleito.

"(*b*) Si la obligación fuere de pagar una suma de dinero, el aseguramiento consistirá en el embargo de bienes bastantes del deudor para responder de las sumas reclamadas."

De acuerdo con esa ley, que es la vigente, el aseguramiento de sentencia en el caso de Symister en cobro de dinero sólo podía consistir en el embargo de bienes de sus demandados sin prohibición de enajenarlos porque no recla-

maba una cosa determinada, por lo que tal prohibición no fué decretada y consiguientemente no aparece en el registro. La notificación al demandado requerida por la sección 9 se refiere al caso en que se haya embargado un inmueble y se haya prohibido su enajenación, siendo necesaria la notificación al dueño porque no podrá venderlo sino en pública subasta con citación del demandante y depositando el precio en el tribunal, so pena de que la venta se repute fraudulenta y de que sea castigado por desacato; y no se refiere a un embargo sin esa prohibición porque si ésta no existe el dueño puede vender el inmueble embargado sin perjuicio de la persona a cuyo favor se haya hecho la anotación, según dispone el artículo 71 de la Ley Hipotecaria.

Por lo expuesto la notificación requerida por la sección 9 de la ley para asegurar la efectividad de la sentencia no era necesaria en este caso y *la sentencia apelada en cuanto no declaró nulo el embargo de la finca debe ser confirmada.*

El Juez Asociado Señor Hutchison está conforme con el resultado. El Juez Asociado Señor Córdova Dávila no intervino.