María Pontón Ramos y Luis Santiago Rivera, demandantes y apelados, *v.* Sucesores de Huertas González, demandada y apelante.

No. 5092.—*Sometido:* Diciembre 19, 1932. *Resuelto:* Marzo 10, 1933.

*L. Santiago Carmona,* abogado de los demandantes apelados; *R. H. Blondet,* abogado de la peticionaria Flores Álvarez & Co.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En el caso de epígrafe, en 8 de julio de 1931 este tribunal dictó sentencia modificando en parte la de la Corte de Distrito de San Juan, y confirmándola en los demás extremos. El efecto de esta sentencia fué dar a los demandantes María Pontón Ramos y Luis Santiago Rivera el derecho a recobrar de Sucesores de Huertas González cierta cantidad de dinero. Los hechos de este caso pueden verse acudiendo al de *Pontón v. Sucrs. de Huertas González,* 42 D.P.R. 529.

En 23 de julio de 1931 la demandada y apelante radicó una moción para reconsiderar, que fué objetada. En 21 de marzo de 1932 se oyó a las partes sobre la moción, en cuanto al punto de si el caso debía ser reconsiderado o no. En 20 de julio de 1932 se dictó una resolución señalando el caso de nuevo para el 10 de noviembre del mismo año.

De conformidad con dicha orden las partes debían archivar nuevos alegatos tratando especialmente ciertas cuestiones en ella mencionadas. De suerte que el caso se hallaba pendiente en esta corte para su fallo final. Debido a otro incidente que es innecesario discutir, el caso no fué visto el 10 de noviembre, sino que las partes fueron oídas el 14 de ese mes sobre dicho incidente.

Luego, el 15 de noviembre de 1932, Flores Álvarez & Co., representada por el Lic. Blondet, presentó una moción para que en efecto se le tuviera por sustituída en lugar de los demandantes María Pontón Ramos y Luis Santiago Rivera, los apelados originales en el caso ante nos. Esta moción de dicha Flores Álvarez & Co. vino acompañada de una orden de la Corte de Distrito de San Juan sustituyendo a los aludidos María Pontón y Luis Santiago por Flores Álvarez & Co. Esta orden venía a su vez acompañada por una escritura otorgada por el Márshal de la Corte de Distrito de San Juan.

El 7 de diciembre de 1932 esta corte dictó una resolución para que se oyera a María Pontón Ramos y Luis Santiago, así como a la parte apelante y a Flores Álvarez & Co., sobre la moción de sustitución. Ciertas comparecencias anteriores del demandante Luis Santiago Rivera fueron hechas personalmente, pero en 19 de diciembre de 1932 compareció por abogado, al igual que lo hicieron los promoventes. Las partes fueron debidamente oídas y han presentado *memoranda* en pro y en contra de la sustitución solicitada.

Sucede que Flores Álvarez & Co. tenía una reclamación contra Luis Santiago Rivera y María Pontón Ramos y obtuvo sentencia contra ellos por una suma que excedía de $800. El márshal de la corte de distrito procedió, en lo que pudo, a embargar dicha sentencia, y en la subasta correspondiente la misma fué vendida a Flores Álvarez & Co., acreedores por sentencia, por el importe de su crédito, con sujeción a una reclamación anterior de otro acreedor por la suma de $1,173.17, de la que se hizo responsable Flores Álvarez & Co. María Pontón Ramos y Luis Santiago Rivera archivaron en esta corte una oposición al traspaso y como acreedores alegaron que no había posibilidad de embargar y vender en pública subasta una sentencia, tal cual se hizo o se trató de hacer en este caso. Citaron los siguientes casos de California a ese efecto: *Emerson et al.* v. *McWhirter et al.*, 138 Cal. 367, 368 (60 Pac. 774); *McBride* v. *Fallon*, 65 Cal. 301; *Dore* v. *Dougherty*, 72 Cal. 232, y *Hoxie* v. *Bryant*, 131 Cal. 85.

Flores Álvarez & Co. no ataca seriamente la jurisprudencia de California al efecto de que una sentencia no puede ser vendida en pública subasta, sino que el método a seguir es notificar en forma legal (*garnish*) a los deudores obligados por sentencia. La idea es que la sentencia constituye solamente evidencia de una deuda y no está sujeta a un embargo personal.

Por otra parte, Flores Álvarez & Co. sostiene que este estado de cosas no es aplicable a Puerto Rico y que cosas in-

corpóreas e intangibles pueden ser embargadas en Puerto Rico al igual que cualquiera otra propiedad.

No trataremos de decidir la cuestión entre las partes que se hallan en esta corte, toda vez que es importante y que no debe ser resuelta por nosotros a menos que haya sido debidamente discutida en la corte inferior.

■ Aparentemente María Pontón y Luis Santiago tienen razón. Flores Álvarez & Co. nunca dió los pasos necesarios para que se le tuviera por sustituta en la corte inferior, y en su consecuencia no tiene derecho a sustituir a otra parte en este tribunal. El caso a este respecto se diferencia del de *Rivera* v. *Central Pasto Viejo*, resuelto el 8 de febrero de 1933 (ante p. 244), en el que no se hizo tentativa alguna para la sustitución en la corte inferior.

■ La orden de la corte de distrito no revela que se celebrara ninguna vista sobre la moción de sustitución sino solamente que la subasta celebrada por el márshal, o la escritura otorgada, fueron aceptadas por su valor prima facie, y que entonces se dictó la orden. Si bien a veces existe la presunción de que se ha celebrado tal vista, no creemos que ella tuviera lugar en este caso. En otras palabras, no creemos que María Pontón y Luis Santiago han tenido la oportunidad de ser oídos en la corte de distrito y de alegar que no había habido sustitución válida de las partes. Por tanto, nos sentimos obligados a declarar sin lugar la moción por el presente, dando a las partes la oportunidad de seguir tramitando su moción ante la Corte de Distrito de San Juan después de celebrada la vista sobre el derecho de sustitución.

En el caso de *Kuenzli* v. *Symister,* 43 D.P.R. 468, hemos resuelto que cuando se practica un embargo no es necesario notificar del mismo al deudor y que basta anotarlo en el registro de la propiedad. Esta regla no puede aplicarse al derecho de una parte a ser oída en un caso pendiente sobre una propuesta sustitución de partes. Los derechos aparentes de María Pontón y Luis Santiago excedían en mucho el importe de las reclamaciones de Flores Álvarez & Co. y del otro acree-

dor, Sucrs. de Gamarra. No consta que María Pontón y Luis Santiago fueran notificados directamente de la subasta, a no ser por los edictos.

. Mientras se resuelve en la corte de distrito el derecho de Flores Álvarez & Co. a intervenir, no pospondremos la vista sobre el caso principal. El derecho de Flores Álvarez & Co. a intervenir aquí, no ha sido demostrado satisfactoriamente, pero le concederemos permiso para intervenir en cualquiera vista futura como *amicus curiae,* y así se ordena.