*Debe revocarse la sentencia apelada y declararse absuelto al acusado.*

Antonia Rieder de Marxuach, demandante y apelante, *v.* Juan Torruella Cortada, demandado y apelado.

No. 6681.—*Sometido:* Noviembre 8, 1934. *Resuelto:* Noviembre 30, 1934.

*A. Arnaldo Sevilla* y *F. Parra Capó*, abogados de la apelante; *José A. Poventud* y *Alberto S. Poventud*, abogados del apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Es ésta una acción iniciada por Antonia Rieder de

Marxuach contra Juan Torruella Cortada en la cual se reclaman $38,000 como indemnización por derribo de árboles en una finca que perteneció a la demandante. Solicitado aseguramiento de sentencia por la cantidad de $8,000, la corte, en 5 de abril de 1933, previa prestación de una fianza por la misma cantidad, ordenó que se librase mandamiento de embargo contra los bienes de Juan Torruella Cortada. Trabado el embargo en la forma solicitada, el demandado pidió que se decretara su nulidad. Oídas las partes, la corte, en 18 de abril de 1933, a solicitud de la propia demandante, concedió diez días para enmendar la fianza, reservándose su resolución sobre la moción de nulidad de embargo, que resolvió favorablemente el día 24 del mismo mes y año.

En 3 de mayo de 1933 la demandante solicitó y obtuvo el desglose de la fianza prestada para devolverla a la compañía fiadora, y en ese mismo día R. Porrata Doria suscribió ante notario una nueva fianza en su carácter de apoderado de la Great American Indemnity Co. En 23 de agosto de 1933 la demandante, basándose en que el embargo anteriormente trabado había sido declarado nulo y sin efecto alguno, y considerando en vigor la orden que decretó el embargo y la fianza, solicitó de la corte una nueva orden disponiendo que por el secretario se librase un mandamiento al már·hal para el embargo de bienes del demandado a fin de asegurar, en cuanto a la cantidad de $8,000, la efectividad de la sentencia que pudiese dictarse en el caso.

La fianza otorgada en 3 de mayo de 1933 aparece radicada en secretaría el mismo día 23 de agosto en que se solicitó una nueva orden para que pudiese expedirse por el secretario mandamiento. de embargo sobre los bienes del demandado. Esta fianza fué aprobada el mismo día de su radicación por el juez de la corte inferior, y dice en parte así:

"POR CUANTO, la demandante ha solicitado además que se decrete el aseguramiento de la efectividad de la sentencia que en su día pueda recaer a su favor, mediante el embargo de bienes del demandado en

cantidad suficiente a cubrir las sumas reclamadas, a lo que la Corte ha accedido, exigiéndole previamente la prestación de una fianza por la suma de ocho mil dollars ($8,000) para responder al demandado de los perjuicios que se le puedan irrogar en consecuencia del embargo que de sus bienes habrá de hacerse.

"Por tanto: nosotros, Antonia Rieder de Marxuach como principal, y la Great American Indemnity Company, . . . . como fiadora, nos abligamos y comprometemos hasta la suma de ocho mil dollars ($8,000) que pagaremos mancomunada y solidariamente al demandado Juan Torruella y Cortada, sus herederos, sucesores o causahabientes en todo o en la parte que sea necesario para indemnizarle de los perjuicios que se le puedan irrogar en consecuencia del embargo que de sus bienes habrá de hacerse en aseguramiento de la efectividad de la sentencia que en su día pueda recaer a favor de la demandante."

Resolviendo la moción de la demandante interesando una orden disponiendo que el secretario librase mandamiento de embargo al márshal, la corte inferior dictó la providencia que se copia a continuación:

"De acuerdo con lo solicitado, el juez que provee, decreta y ordena que por el secretario se libre mandamiento al márshal para que embargue bienes del demandado para asegurar, en cuanto a la cantidad de $8,000, la efectividad de la sentencia que se dicte en este caso."

La orden que antecede fué dictada en 23 de agosto de 1933 a raíz de haberse presentado la moción de la demandante.

En 2 de enero de 1934, la demandante radicó una moción en la cual alegó, entre otras cosas, que el embargo decretado mediante fianza de $8,000 no había sido practicado, que Juan Torruella Cortada tenía un crédito contra la propia demandante por $7,336.13 en virtud de sentencia dictada a favor del demandado y contra la demandante en el caso civil No. 7176, y solicitó de la corte una orden disponiendo que para asegurar la efectividad de la sentencia por la cantidad de $8,000 se practicase embargo sobre todo título, derecho o interés de Juan Torruella Cortada en el crédito referido, y se prohibiese al demandado enajenar dicho crédito

y ejecutar la referida sentencia dictada en 11 de enero de 1932. La corte dictó una orden en los términos solicitados por la demandante para que por el secretario se expidiese al márshal el correspondiente mandamiento de embargo. El demandado solicitó que se dejara sin efecto el embargo trabado por el márshal en virtud del mandamiento expedido por el secretario de la corte, entre otras razones porque la fianza que obra en autos, de agosto 23, 1923, no fué presentada ni aprobada al dictarse la nueva y última orden de embargo de 2 de enero de 1934, o con posterioridad a la misma, porque dicha fianza no puede comprender las consecuencias del último embargo decretado en la fecha antes mencionada, y porque en todo caso una sentencia no es embargable ni está sujeta a la prohibición a que se contrae la regla *h* (Sec. 2) de la Ley sobre aseguramiento de sentencia.

La parte demandante en su argumentación escrita oponiéndose a la nulidad del embargo, mantiene la validez del mismo y de la fianza prestada, y dice que procede modificar el embargo practicado en el sentido de que dicho embargo se ajuste a la letra *b* y no a la letra *h* de la referida Ley de aseguramiento de sentencias y que el embargo se limite al crédito por sentencia, eliminando la prohibición de ejecutar el crédito embargado. La corte denegó la moción para anular el embargo, pero al presentarse por el demandado una moción sobre reconsideración celebró una nueva vista con asistencia de ambas partes y dictó entonces la siguiente resolución:

"Vista la moción . . . en la que se solicita sea reconsiderada la resolución dictada en marzo 5 de 1934; la Corte, después de un nuevo estudio de la cuestión y vistos el artículo 1726 del Código Civil (Ed. 1930) y los Comentarios de Manresa al Código Civil, volumen 12, páginas 225 a 234, se inclina a creer que la fianza aprobada en agosto 23 de 1933 no responde de las consecuencias del último embargo decretado por la orden de 2 de enero de 1934, por lo que procede la prestación de una nueva fianza por la suma de $8,000 en relación con la última orden de embargo de fecha 2 de enero de 1934.

"Y visto el caso Pontón v. Huertas, 44 D.P.R. 629, y tomada en cuenta la manifestación hecha en el acto de la vista por el abogado del demandado: 'Que, en caso de que se sostuviera el embargo, está dispuesto a que se elimine la prohibición de ejercutar la sentencia, pero que todo dinero que se obtenga de la ejecución de la sentencia sea depositado en la Corte'; la Corte, deseando que queden asegurados los derechos de ambas partes en este caso y resolviendo por la presente la moción de reconsideración, ordena y decreta lo siguiente:

"Que si la demandante, dentro del término de 10 días presta una nueva fianza por la suma de $8,000.00 para responder al demandado de los daños y perjuicios que puedan causársele con motivo de la orden de embargo de 2 de enero de 1934, quedará subsistente el embargo trabado en la misma fecha, 2 de enero de 1934, en el caso civil número 7176, pero modificado en el sentido de quedar eliminada de dicho embargo la prohibición de ejecutar la sentencia dictada en 11 de enero de 1932 en el caso número 7176, modificado, además, dicho embargo en el sentido de que todo dinero que se obtenga de la ejecución de dicha sentencia sea depositado en la Corte.

"Y que, si dentro del referido término de 10 días, la demandante no ha prestado la fianza arriba mencionada, el embargo trabado en 2 de enero de 1934 en el caso número 7176 quedará anulado, y sin ningún valor ni efecto.

"Ponce, P. R., a 13 de marzo de 1934."

De esta resolución apeló la demandante alegando que en la resolución recurrida se ha incurrido en error:

"PRIMERO: al estimarse que la fianza aprobada en agosto 23 de 1933 no responde de las consecuencias del último embargo decretado por la orden de 2 de enero de 1934, por lo que procede la prestación de una nueva fianza, por la suma de $8,000 en relación con la última orden de embargo de fecha 2 de enero de 1934.

"SEGUNDO: al decretarse que si dentro del término de 10 días la demandante no ha prestado nueva fianza por $8,000 para responder al demandado de los daños y perjuicios que puedan causársele con motivo de la orden de embargo de 2 de enero de 1934, el embargo trabado en 2 de enero de 1934 en el caso civil número 7176 quedará anulado y sin ningún valor legal; y

"TERCERO: al decretar y ordenar que en el caso de que se preste la nueva fianza quedará subsistente el embargo trabado con fecha de 2 de enero de 1934, en el juicio civil número 7176, pero modi-

ficado en el sentido de quedar eliminada de dicho embargo la prohibición de ejecutar la sentencia dictada en 11 de enero de 1932 en el caso civil 7176, y modificado, además, dicho embargo en el sentido de que todo dinero que se obtenga de la ejecución de dicha sentencia sea depositado en la Corte.''

La parte apelante ha desistido del tercer error alegando que el crédito existente a favor del demandado en virtud de sentencia contra la demandante, afectado por el embargo, ha sido satisfecho, que la cantidad de $7,000, importe de dicho crédito ha quedado depositada en la corte de acuerdo con la orden dictada, que el error atribuído a la corte inferior resulta académico, y que por esta razón desiste del mismo. La parte apelada entiende que debe declararse a la apelante desistida de todo el recurso porque la apelante ''al pagar la sentencia que había embargado al apelado y aceptar su depósito en la corte ha cumplido con la misma y aceptado los beneficios de la orden que ahora pretende impugnar a través del presente recurso.'' Según el demandado un litigante que acepta los beneficios o cualquier parte sustancial de los beneficios de una sentencia o decreto está impedido de rechazarlo y de evadir sus efectos. La jurisprudencia citada por el demandado resulta inaplicable. Los errores apuntados por la parte apelante plantean cuestiones completamente distintas. En los errores primero y segundo se alega que la corte erró al estimar que la fianza aprobada en agosto 23 de 1933 no responde de las consecuencias del último embargo decretado, y al decretarse que si dentro del término de diez días la demandante no ha prestado nueva fianza el embargo trabado quedará anulado y sin ningún valor. En el error desistido se alega que la corte erró al decretar que si se presta una nueva fianza quedará subsistente el embargo trabado, pero modificado en el sentido de quedar eliminada de dicho embargo la prohibición de ejecutar cierta sentencia, cuyo importe, en caso de ejecución, deberá depositarse en la corte.

El hecho de que la demandante haya desistido del error

atribuído a la corte inferior en un pronunciamiento que, dicho sea de paso, fué sugerido por la propia demandante, no puede convertir en académica una cuestión completamente distinta como la que se relaciona con el efecto de la fianza sobre el embargo últimamente decretado. La cuestión, a nuestro juicio, es tan clara que no necesita argumentación.

■ También alega el demandado que debe desestimarse la apelación porque el artículo 295, inciso tercero, del Código de Enjuiciamiento Civil "autoriza la apelación contra una providencia anulando o negándose a anular un embargo, pero tal disposición estatutaria se refiere al caso en que se disuelva, anule o deje sin efecto una orden de embargo, es decir, la providencia decretativa del embargo y no la traba que posteriormente efectúa el márshal a virtud del mandamiento que recibe en cumplimiento de aquella orden." En el presente caso la corte dispuso que el embargo trabado quedara anulado y sin ningún valor ni efecto en caso de que no se prestase dentro del término de diez días una nueva fianza por el demandante. Ésta es una orden anulando un embargo y está claramente comprendida dentro de las disposiciones del Código de Enjuiciamiento Civil.

También alega el demandado que el recurso interpuesto es frívolo por tratarse de una cuestión discrecional de la corte inferior. Opinamos que si la fianza radicada en 23 de agosto de 1933 es buena para responder al demandado del segundo y último embargo decretado, no puede calificarse de frívolo el recurso de apelación interpuesto por la demandante.

■■ Los errores primero y segundo se relacionan con la orden de la corte exigiendo una nueva fianza y decretando la nulidad del embargo en caso de no ser prestada dentro del término señalado. La corte inferior se inclina a creer que la fianza aprobada en 23 de agosto de 1933 no responde de las consecuencias del embargo decretado en la orden de 2 de enero de 1934. Basa la corte su resolución en el artículo

1726 del Código Civil, edición 1930, según el cual la fianza no se presume, debiendo ser expresa, y no pudiendo extenderse a más de lo contenido en ella. También se cita a Manresa en sus Comentarios al Código Civil, volumen 12, páginas 225–234. Estamos de acuerdo en que no puede interpretarse en sentido extensivo la obligación de fianza, ampliándola a más del contenido de la misma, según sus términos, en que la fianza es de interpretación estricta o restringida, y en que esta regla se aplica a las fianzas prestadas cuando se decreta un embargo para asegurar la efectividad de una sentencia (*National Surety Co.* v. *Jean,* 36 Fed. (2d) 468, 68 Am. Law Rep. 1327); pero no creemos que haya necesidad de aplicar estos principios en este caso en que la misma fianza demuestra claramente que cubre bajo sus términos el único embargo practicado después de haber sido prestada. La fianza se prestó en 3 de mayo de 1933, después de anulado el embargo originalmente practicado. El representante de la compañía fiadora hace constar bajo juramento que tiene conocimiento del aseguramiento de la efectividad de la sentencia y que firma el documento de fianza en su capacidad de apoderado de la Great American Indemnity Co. La parte apelada arguye que la fianza prestada en mayo 3 de 1933 se refiere al embargo anulado, sin tenerse entonces por la compañía fiadora presente la nueva orden de aseguramiento que fuera dictada en enero 2 de 1934. La lectura de la fianza disipa toda clase de dudas acerca de los escrúpulos de la parte demandada.

■ La parte apelada entiende que la fianza otorgada en 3 de mayo de 1933 se refiere al embargo anulado en 24 de abril, porque en la misma se declara que la demandante ha solicitado que se decrete el aseguramiento de la efectividad de la sentencia, a lo que la corte ha accedido, y en la fecha en que se otorgó el documento la corte únicamente había accedido a decretar el embargo que fué más tarde anulado. Resolviendo la moción de la demandante solicitando aseguramiento de sentencia, la corte ordenó, en 5 de marzo de

1933, que mediante la prestación de una fianza de $8,000, se librase mandamiento de embargo contra los bienes del demandado. Se anuló el embargo practicado porque el tribunal *a quo* entendió que no podía trabarse sobre otro embargo; pero es evidente que la corte acordó el aseguramiento cuando fijó la fianza y decretó el embargo, y que la anulación de lo que hiciera el márshal al ejecutar la orden del secretario no puede dejar sin efecto lo acordado por la corte en cuanto al aseguramiento. Cuando se otorgó la segunda y última fianza la compañía fiadora y la demandante sabían que se había practicado el embargo que fué luego anulado y se comprometieron a indemnizar al demandado no de los perjuicios que se le pudiesen irrogar a consecuencia del embargo practicado, sino de "los perjuicios que se le puedan irrogar en consecuencia del embargo que de sus bienes habrá de hacerse" etc. La obligación se contrae para responder de los perjuicios que puedan irrogarse a consecuencia de algo que habrá de hacerse, no de lo que ya se ha hecho, del embargo que la demandante intenta trabar, no del que ya fué trabado y anulado por la corte. Es claro que el otorgamiento de la fianza debe preceder a la expedición del auto de embargo. En el presente caso la fianza se otorgó después de haberse dictado una orden fijando una fianza de $8,000 para el embargo de los bienes del demandado, y antes de haberse expedido el auto por el secretario. La parte apelada arguye que se trata de una enmienda a la fianza anterior. A nuestro juicio se trata de una nueva fianza; pero aun cuando se tratase de una enmienda, la fianza primitiva se dictó para responder de los perjuicios del embargo que habría de practicarse en virtud de la orden original de la corte inferior, y puesto que el embargo trabado había sido anulado, la fianza primitiva, posteriormente enmendada, hubiese respondido de cualquier otro embargo que se hubiese llevado a cabo para hacer efectiva la orden de la corte.

La parte apelada, al solicitar que se decretase la expe-

dición de un nuevo auto de embargo por la corte, se basó en la orden original que decretó el embargo y la fianza, la cual, según sus propias palabras, consideró en vigor. Que la corte lo entendió así lo demuestra el hecho de que no fijó fianza para la traba del nuevo embargo, lo cual demuestra que consideró en toda su fuerza y vigor la fianza anteriormente señalada. El mismo día en que se decretó la orden, la corte impartió su aprobación a la fianza. No se trabó entonces el embargo, y en 2 de enero de 1934 la demandante pidió y obtuvo una orden para que se decretase el embargo en la forma solicitada. Al dictar esta orden la corte no hizo otra cosa que repetir y ratificar las órdenes anteriormente dictadas en cuanto al aseguramiento de la sentencia mediante embargo. El hecho de que la demandante especificase los bienes que debían embargarse y la forma en que debía decretarse el embargo nada tiene que ver con la responsabilidad contraída por los fiadores. Las fianzas todas tienen un mismo fin: garantizar al demandado de que se le pagarán todos los daños y perjuicios que se le irroguen por el aseguramiento. El embargo puede practicarse en una forma u otra. La fianza responde de las consecuencias que puedan irrogarse por el embargo que se practique en los bienes del demandado. El embargo había sido decretado mediante la prestación de una fianza de $8,000 y una vez cumplido este requisito la parte tenía derecho al aseguramiento de la sentencia. Opinamos que la corte inferior incurrió en error al declarar nulo el embargo en caso de que no se prestase una nueva fianza, por inclinarse a creer que la segunda y última fianza aprobada no responde de las consecuencias del último embargo. A nuestro juicio resulta claro que la segunda fianza responde al demandado de las consecuencias del referido embargo.

*Debe revocarse la resolución apelada.*