SUCESIÓN DE JOSÉ S. BELAVAL, compuesta por GERMÁNICO, HILDA, ESTHER, MARIO, VASCO, EDGAR, LISTER, MARÍA ESTHER y JOSÉ S. BELAVAL, demandantes y apelados, *v.* FERNANDO ACOSTA RAMÍREZ, demandado y apelante.

Núm. 8982.—*Sometido:* Julio 26, 1944. *Resuelto:* Julio 29, 1944.

*Samuel R. Quiñones, R. Rodríguez Lebrón* y *F. Vizcarrondo Vázquez,* abogados del apelante; *Edgar S. Belaval, pro se* y como abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

Los demandantes, Germánico, Hilda, Esther, Mario, Vasco, Edgar, Lister, María Esther y José S. Belaval, componentes de la Sucesión de José S. Belaval, obtuvieron sentencia a su favor por la cual se decretó el desahucio del demandado del local que ocupa en el edificio núm. 2 de la Calle Tanca, perteneciente a los demandantes. No estuvo conforme el demandado y apeló para ante esta Corte Suprema.

Los demandantes han solicitado la desestimación del recurso, por los motivos siguientes:

·1. Porque el escrito de apelación es insuficiente (*a*) por no ser correcto el título del caso, y (*b*) porque fué notificado solamente a uno de los demandantes-apelados.

2. Porque la fianza prestada es nula (*a*) por ser incorrecto el título del caso, y (*b*) porque los fiadores no se obligan a favor de los demandantes sino a favor de la Sucesión de José S. Belaval, la cual no tiene personalidad jurídica, y se obligan, a lo sumo, a favor de uno solo de los demandantes-apelados.

Pasaremos por alto, sin discutirlo, el primero de los dos motivos, pues opinamos que el segundo está bien fundado y es por sí solo suficiente para que declaremos con lugar la desestimación del recurso.

El artículo 631 del Código de Enjuiciamiento Civil (ed. 1933) dispone que "será requisito indispensable para ejercitar el recurso de apelación por parte del demandado, que éste otorgue fianza, a satisfacción del tribunal, para responder de los daños y perjuicios que puedan irrogarse al demandante, y de las costas de la apelación".

La parte demandante en este caso no fué ni pudo ser la Sucesión de José S. Belaval, pues es doctrina firmemente

establecida la de que la Sucesión como persona jurídica no existe en nuestro derecho. Para que una Sucesión pueda demandar o ser demandada, es necesario que se particularice e individualice expresando los nombres de los miembros que la componen. Son los miembros de la Sucesión y nó ésta los que deben aparecer como demandantes o demandados. *Dapena* v. *Sucesión Dominici,* 12 D.P.R. 66; *Orcasitas* v. *Registrador,* 21 D.P.R. 553; *Arvelo* v. *Banco Territorial y Agrícola de Puerto Rico,* 25 D.P.R. 728, 736, 737; *Armstrong & Co.* v. *Irizarry,* 29 D.P.R. 606, 613.

██ La fianza prestada en este caso está constituída a favor de la Sucesión de José S. Belaval, y no a favor de Germánico, Hilda, Esther, Mario, Vasco, Edgar, Lister, María Esther y José S. Belaval, que son las personas que aparecen como demandantes en el cuerpo de la demanda y a favor de las cuales se dictó la sentencia recurrida. El artículo 631 que hemos citado requiere que la fianza sea constituída a favor del demandante; y ese requisito indispensable no ha sido cumplido en el presente caso, pues una fianza constituída a favor de una Sucesión no puede ser considerada como una fianza a favor de todos y cada uno de los miembros que la componen y que no son mencionados en el cuerpo de la obligación, de igual manera que una demanda dirigida contra una Sucesión no puede ser considerada como una demanda contra sus componentes no mencionados. El título que aparece en el documento de fianza no puede servir para subsanar la omisión de los nombres en el cuerpo de la obligación, toda vez que en dicho título aparece como único demandante Germánico S. Belaval, sin mención alguna de la Sucesión y sin que se haya añadido siquiera al nombre de dicho demandante la frase "et als." demostrativa de que son varias las partes demandantes. En *Rieder* v. *Torruella,* 47 D.P.R. 682, este tribunal resolvió que la obligación de fianza no puede interpretarse en sentido extensivo, para ampliarla a más del contenido de la misma. Y también hemos

resuelto que la fianza no se presume; debe ser expresa. Artículo 1726 del Código Civil (ed. 1930); Manresa, Vol. 12, págs. 233 y 234, *National City Bank* v. *Llonín*, 41 D.P.R. 163, 169.

El error cometido por el apelante no puede ser subsanado pues el mismo artículo 631 ya citado dispone que "tanto la consignación como la fianza . . . deberán quedar formalizadas dentro del término concedido para la apelación". Y ese término ya ha expirado.

Situaciones como la del presente caso podrían fácilmente evitarse si se siguiera una práctica distinta a la que ha venido siguiéndose en las cortes de distrito para la aprobación de fianza. Si se diera a la parte a cuyo favor ha de constituirse la fianza una oportunidad para ser oída y para formular las objeciones que pudiera tener en cuanto a la forma y alcance de la misma, la parte obligada a prestarla tendría a su vez una oportunidad para subsanar cualesquiera defectos señalados por la otra parte, antes de la expiración del término concedido para la apelación.

*No cumpliendo la fianza prestada en este caso con los requisitos exigidos por la ley, debemos considerarla nula, y en consecuencia declarar con lugar la moción de los apelados y sin lugar el recurso.*

El Juez Asociado Sr. De Jesús no intervino.